# IN THE MATTER OF THE ESTATE OF MATTHEW DELANEY.

HOMESTEAD.—The homestead represents the dwelling house of the family and necessary outhouses of every kind, and need not be in a compact form, and may be intersected by highways. It is not limited as to quantity, the only limitations being as to its use and value. The homestead dwelling house may also be used as a place of business by the family.

TESTS OF HOMESTEAD.—The homestead and the tests by which it is ascertained are the same whether the question arises between a husband and wife, or one of them and a vendee, a mortgagee, a creditor, or the heirs of the deceased husband or wife.

VALUE OF HOMESTEAD.—If the homestead land increases in value after the filing of the declaration, so as to be worth more than five thousand dollars, the same will be decreased in quantity *pro tanto*.

IDEM.—The declaration of homestead is not evidence of the value of the homestead, even if it states the value; and if the declaration describes a tract of land worth more than five thousand dollars, the actual homestead will be enough of the tract described, including the dwelling house, to come within said value.

SETTING OFF HOMESTEAD TO SURVIVING WIFE.—The surviving wife inherits the actual homestead, that is, the dwelling house and sufficient land to be worth five thousand dollars. This value is that which the land bore at the time of the husband's death, and not what it bore at the time the declaration was filed, or at any previous time.

IDEM.—When the surviving wife petitions to have the homestead set off to her, she must show to the Probate Court what was the homestead at the time of the husband's death, and what was its value at that time, and the Court should restrict the quantity of land set off to her to an amount worth five thousand dollars, or less, regardless of the quantity described in the declaration of homestead.

IDEM.—In such proceeding, it is not sufficient for the wife to prove that at the time the declaration was filed, several years before the husband's death, the homestead described in the declaration was worth less than five thousand dollars.

APPEAL from the Probate Court of the City and County of San Francisco.

In 1854, Matthew Delaney went to reside with his family upon a tract of land in the limits of the City and County of San Francisco. The tract at that time was worth seven hundred and fifty dollars. Delaney inclosed the land with a substantial fence, and obtained his living by keeping horses, cows, etc., upon the land. Afterwards, on the first day of December, 1860, Mary Delaney, his wife, made, acknowledged, and filed for record the following declaration of homestead:

"Know all men by these presents, that I, Mary Delaney, wife of Matthew Delaney, of the City and County of San Francisco, and State of California, do hereby declare and make known that I am married, and that I have made selection of and intend to claim the property hereinafter described as a homestead; that I am, at the time of making this present declaration, residing with my family on the premises

hereinafter described, and that it is my intention to use and claim the same as a homestead, under and by virtue of the Act of the Legislature of the State of California, entitled 'An Act to amend an Act to exempt the homestead and other property from forced sale in certain cases, passed April 21st, 1851, passed April 28th, 1860, and the Act thereby amended.'

" The property so declared as claimed and intended to be used and claimed by me, as and for a homestead for myself and family, is situate, lying and being in the City and County of San Francisco, and is bounded and described as follows; that is to say, the lands bounded as follows, viz: On the east by Stevenson's claim; on the south by the lands claimed by the United States, Arbor, and others; on the west by lands now claimed by one Nelson; and on the north by lands claimed by James M. McDonald and one Doyle, being part of Block 194, whole of Blocks 227, 238, 239, 240, 267, 268, 269, 270, and parts of Blocks 316, 317, and 318, in accordance with the ' Western Addition' to the City of San Francisco, as laid down on the official map of the City and County of San Francisco aforesaid.

" In witness whereof, I have hereunto set my hand and seal, at the City and County of San Francisco, the first day of December, in the year of our Lord one thousand eight hundred and sixty.

          " MARY DELANEY.   [L.S.]"

The land had been surveyed into lots and blocks after Delaney settled on it.   On the 19th day of December, 1865, Matthew Delaney died, leaving a will, in which he devised the land in different parcels to his wife and children.   The will was probated, and Edward J. Delaney, son of the testator, was appointed executor.   The surviving wife, on the 21st of February, 1866, applied for a monthly allowance, and the Court made an order allowing her one hundred dollars per month.   July 16th, 1866, she filed a renunciation of her distributive share under the will, and petitioned for

a distribution of the estate, claiming that it was common property.  March 26th, 1868, she filed in the Probate Court a petition, asking the Court to set aside the land to her, the survivor, because it was a homestead at the time of her husband's death.  Mary A. McCurrie, one of the children of the testator and the petitioner, appeared and opposed the granting of the petition, and on the 11th day of May, 1868, the Court denied the petition.  From this order the petitioner appealed.

The other facts are stated in the opinion of the Court.

*H. & C. McAllister*, for Appellant.

*Wm. Hale*, and *M. A. Edwards*, for Respondent

By the Court, RHODES, J.:

We had occasion, in *Gregg* v. *Bostwick*, 33 Cal. 220, to consider the principal qualities of a statutory homestead.  In defining a homestead we said: "Both in the Constitution and in the statute the word 'homestead' is used in the ordinary or popular sense, or, in other words, its legal sense is its popular sense.  It represents the dwelling house at which the family reside, with the usual and customary appurtenances, including outbuildings of every kind necessary or convenient for family use, and lands used for the purpose thereof.  If situated in the country, it may include a garden or farm.  If situated in a city or town, it may include one or more lots, or one or more blocks.  In either case, it is unlimited by extent merely.  It need not be in a compact body; on the contrary, it may be intersected by highways, streets, or alleys.  Neither is it circumscribed by fences merely.  In respect to quantity, by itself considered, it is unlimited, whether in town or country.  In short, the only tests are use and value.  The former is both abstract and statutory, the latter statutory only.  Whatever is used—being either necessary or convenient—as a place of residence for the family,

as contradistinguished from a place of business, constitutes the homestead, subject to the statutory limit as to value. If, however, it is also used as a place of business by the family, which frequently happens, it may not, therefore, cease to be a homestead, if it would be necessary or convenient for family use, independent of the business. If what is actually used as a homestead is of greater value than five thousand dollars, the excess is not homestead under the statute, though so in fact. In such a case the statute prescribes the course to be pursued. (Sec. 3.) Further than this, in the way of general definition, it is difficult to go, if not impossible."

This definition is applicable, not only when the declaration is made and filed, but during the whole period of its existence, and up to the time when, upon the death of the husband or the wife it ceases to be a homestead, and the property vests in the survivor. The homestead, and the tests by which it is ascertained, are the same, whether the question arises between those claiming the homestead, or one of them and a vendee, a mortgagee, a creditor, or the heirs of the deceased husband or wife. There is not one homestead as against a creditor, and a different one when the survivor asserts his or her claims as against the heirs of the deceased. At its inception it is limited to five thousand dollars in value, and when the property is enhanced in value so that it exceeds the statutory limit, the excess does not constitute a part of the statutory homestead. After the premises are worth five thousand dollars, every increase of value works a reduction in the area of the homestead, until a point is reached when it cannot be further cut down and leave a homestead of the value of five thousand dollars without material injury, and, after that point is reached, no part of the premises constitutes a statutory homestead, but the value or proceeds of the premises, to the extent of five thousand dollars, has the benefit of the exemption from forced sale, etc.

In this case a number of blocks and parts of blocks were included in the declaration of homestead. This was filed December 31st, 1860. There is nothing in the declaration

indicating that it was filed under the provisions of section five of the amendatory Act of 1860, which protected the rights already acquired, provided the declaration should be properly filed; and it must be construed as filed according to the provisions of the first section of the Act of 1860. The value of the lands is not stated in the declaration, and, had such been the case, the declaration would not have been evidence of their value; but if the value then exceeded five thousand dollars, the statutory homestead could not embrace the whole number of blocks and parts of blocks mentioned. If the value increased so that it exceeded five thousand dollars, it is just as certain that some portion of the premises was withdrawn from the homestead exemption, as it was when the sale was made of certain portions of the premises, of which the petitioner testified. And this process was repeated as often as the value enhanced until the 19th of December, 1865, when the testator died. At that date the right of survivorship came into operation, and the homestead property vested in the surviving wife. (Homestead Act of 1862, Sec. 4.) She took that property which immediately preceding her husband's death was the homestead, as defined and protected by the statute, and nothing more—not the specific parcel or parcels of land which were described in the declaration, and which may at one time have constituted the statutory homestead, passed to her, but only that portion thereof which, immediately preceding her husband's death, was such homestead. It is provided by section one hundred and twenty-one of the Probate Act, as amended in 1868, (Stats. 1867–8, p. 172,) that the Court shall set off to the survivor the homestead, if it has been selected under the general Homestead Law, but it does not define such homestead, and a resort must be had to the law referred to to ascertain what constituted the homestead.

She asks, in her petition, that all the lands embraced in the declaration be set off to her, but she neither alleges nor proves what was, in fact, the homestead, at the time of her husband's death. Such proof is indispensable; and one

essential fact to be established in making such proof is the value, as limiting the extent of the right. She was no better entitled to the whole lands described in her declaration—in disregard of their value—than she was in the absence of proof that they constituted the homestead in fact. She proved that in 1854 the tract of one hundred and fifty acres was worth seven hundred and fifty dollars, but she did not show its value at the time she filed her declaration, or at any later date. There is no presumption that the value of property remains unchanged during a series of years. It was in proof that the dwelling house was situated upon Block One Hundred and Ninety-five, but the value of the block was not proven, and, in the absence of such proof, it was as impossible for the Court to determine whether the whole block or parts of that and of other blocks should be set off to her, as to determine how much of Block Two Hundred and Thirty-eight should be set off to her, upon evidence that portions, without specifying what portions, of that block had been sold. In absence of proof of what constituted the homestead at the death of the testator, the Court was unable to set off the homestead to the petitioner. She alleged that she was entitled to the homestead, and upon her was the burden of proof, both of its existence and extent.

It is proper to add, though the point is not made, that the petition is radically defective, because it does not state that she and her husband were entitled to or held any lands as their homestead at the time of his death, nor any facts from which that fact could be inferred; and the nearest approach to the allegation that the premises were ever impressed with the character of a homestead, is the allegation that at a certain time mentioned she filed the declaration of homestead which is set out in the petition.

We have preferred to place our decision upon the grounds already indicated, although the description of the lands in the declaration is so uncertain that it is very doubtful whether

the declaration would not, be held void for uncertainty, but we do not decide the point.

Order affirmed, and remittitur ordered to issue forthwith.