[No. 2,252.]

CHARLES E. RICH AND MARY ELISE RICH v.
CHARLES STANLEY TUBBS AND HENRY DU-
RANT TUBBS.

SEPARATE PROPERTY OF WIFE.—If the husband purchases real estate with
the separate property of the wife, but takes the conveyance to himself,
the land thus purchased is also the separate property of the wife, as between
the husband and the wife.

HOMESTEAD—TITLE TO—PROBATE COURT.—The Probate Court, in setting
apart for the use of the family of the deceased husband or wife property
which had been dedicated as a homestead under the Homestead Act, does
not change or transfer the title; nor does it adjudicate the question of title.

IDEM.—The purpose and effect of an order of the Probate Court, setting
apart such homestead, is, that the property be relieved from administra-
tion, and that it does not constitute assets of the estate of the deceased.

INHERITANCE OF HOMESTEAD.—Under the fourth section of the Homestead
Act of 1860 the legitimate children are entitled to take an interest in the
homestead upon the death of either the husband or wife.

IDEM.—Since the passage of the Homestead Act of 1862 the children of the
deceased husband or wife do not inherit any interest in the homestead, but
the same vests absolutely in the surviving husband or wife.

INHERITANCE.—The inheritance is regulated by the law in force at the time
of the death.

APPEAL from the District Court of the Fourth Judicial
District, City and County of San Francisco.

The first husband of the plaintiff, Mary Elize Rich, was
Mr. Tubbs. To them were born two children during wed-
lock. At the time of her marriage with Mr. Tubbs she had
property, with which, at her request, he purchased the land
in controversy. Tubbs and wife filed a declaration of home-
stead in January, 1861. Tubbs took the conveyance to him-
self, and afterwards died, and the widow married the other
plaintiff, Charles E. Rich. This action was brought to quiet
the title to the land thus purchased, against the adverse
claim of said children. Judgment was rendered in the
Court below in favor of the plaintiff, and the defendant
appealed from the judgment. The other facts are stated in
the opinion of the Court.

*R. F. Morrison*, for Appellants.

*McCullough & Boyd*, for Respondents.

Were this a transaction between strangers, undoubtedly it would be held that Mr. Tubbs simply held the legal title in trust for Mrs. Tubbs, who was the real owner. (*Bayles* v. *Baxter*, 22 Cal. 575; *Millard* v. *Hathaway*, 27 Cal. 119; *Settembre* v. *Putnam*, 30 Cal. 490; *Sandfross* v. *Jones*, 35 Cal. 486, 487; *Case* v. *Codding*, 35 Cal. 191.)

As it was, the whole consideration for the premises being paid from the separate property of the wife, it was a mere change in the *form*, without in the least changing the *character* of the property as her separate estate; and this fact can always be shown, as against the deed, and when clearly and satisfactorily shown, the property remains the separate estate of the party whose money or other property was employed in the acquisition. (*Ramsdell* v. *Fuller*, 28 Cal. 42, 43; *Peck* v. *Vandenberg*, 30 Cal. 42.)

[See *Barber* v. *Babel*, 36 Cal. 11, as to homestead.—REP.]

By the Court, RHODES, C. J.:

The facts found by the referee, fully establish that, as between the female plaintiff and her then husband, the premises in controversy were the separate property of the wife. The declaration of homestead was executed by both husband and wife, under the Act of 1860; and assuming that the separate property of the wife may be dedicated as a homestead, two questions arise for consideration:

First—What was the effect of the order of the Probate Court, setting apart the homestead for the use of the family of the deceased husband? The Probate Court, in setting apart property which has been dedicated as a homestead under the Homestead Act, does not change nor transmit the title; nor, indeed, does it adjudicate the question of title as

between the parties who assert a claim to it. The purpose and effect of the order setting apart such homestead is merely that the property be relieved from administration—that it does not constitute assets of the estate of the deceased—and the order sets it apart for whom it may concern. The question of title, as between the claimants, is to be determined in another forum. (*Estate of James*, 23 Cal. 417; *Estate of Orr*, 29 Cal. 101; *Estate of Delaney*, 37 Cal. 176.)

Second—In whom did the title vest upon the death of the husband? The Homestead Act of 1860 declares, that the husband and wife shall hold the homestead property as joint tenants; but that provision is to be read in connection with the fourth section of the Act, which provides that upon the death of the husband or wife the homestead shall be set apart, by the Probate Court, for the benefit of the survivor, and his or her legitimate children. Although they are denominated joint tenants, they are not such in the full sense of the common law definition of that term. The " legitimate children " are entitled to take an interest upon the death of either the husband or wife. It is unnecessary, in this case, to define the nature of the interest which descends to the children; but it is clear that, under the fourth section of the Act of 1860, they take some interest by inheritance from their deceased father or mother. The Homestead Act of 1862 contains no such provision as is found in Section 4 of the Act of 1860. After providing that the husband and wife shall be joint tenants, it provides that, on the death of either, the homestead property shall vest absolutely in the survivor. No provision is therein made, for the inheritance of any interest in the homestead property, by the children of the deceased. As the defendants (the children of the deceased husband) took nothing by inheritance, unless the law in force at the time of the decease of their father so provided, the question on which the case turns is, at what time did he die? It is found that he died in 1862—the pre-

cise time not being stated.   The order of the Probate Court was made July 7th, 1862.   The Homestead Act of 1862 was passed and took effect May 12th, 1862.   It is incumbent on the defendants alleging error—in other words, claiming that they acquired an interest in the homestead property by inheritance—to show that the deceased died, before their right to take by inheritance, was cut off by the passage of the Act of May 12th, 1862.   This fact is not shown by the record.

Judgment affirmed.