[No. 7,239.—Department Two.]

## EBENEZER W. HERROLD v. MARGARET REEN.

HOMESTEAD—RETROACTIVE ACT—CONSTRUCTION OF ACT—SUCCESSION—MORT-GAGE.—Under the act of April 28th, 1860, amending the act of 1851, relating to homesteads, it seems that after the death of either spouse the power to mortgage was gone, as the children under that act took an interest on the occurrence of the death of either husband or wife; but by the act of 1862 the law in this respect is changed, and the homestead upon the death of the husband or wife vests absolutely in the survivor; and this provision applies to the case of a homestead declared under the former act, where the husband or wife has died since the passage of the latter. In such case the property vests absolutely in the survivor, and may be mortgaged by him or her.

ID.—ID.—ID.—ID.—The former act was a statute of descent, and under it no rights vested in the children until the death of one of the spouses, and therefore no change was made in their estate or rights, nor were they destroyed by the act of 1862.

ID.—ID.—ID.—ID.—ESTATES OF DECEASED PERSONS.—The setting apart by the Probate Court of a homestead for the benefit of the widow and children of deceased does not change the nature or character of the title.

ID.—ID.—ID.—ID.—ID.—The homestead was declared by the defendant and her husband in August, 1860; and the latter having died in April, 1865, the homestead was set apart by the Probate Court for the benefit of the defendant and her children, and afterwards the defendant executed a mortgage upon the premises.

Held, That under the fourth section of the act of 1862, the homestead property vested absolutely in the defendant, and that her mortgage was valid; held, further, that it was a serious question whether, if the law were otherwise, the defendant ought to be allowed to set up the defense offered in this case.

ID.—CASE DISTINGUISHED.—The Estate of Headen, 52 Cal. 247, does not change the rule in Rich v. Tubbs, 41 id. 34.

APPEAL from a judgment for the plaintiff in the Superior Court of Santa Clara County. SPENCER, J.

*J. A. Moutrie*, and *Moore, Laine & Johnston*, for Appellant.

*J. C. Black*, for Respondent.

THORNTON, J. :

This was an action to foreclose a mortgage, executed by the defendant to the plaintiff on a lot of land situated in San José. The defendant set up by answer as a defense the following :

" Further answering, the defendant avers and shows to the Court, that on the 1st day of May, A. D. 1860, she and one Peter Reen were, and for a long time prior thereto had been husband and wife; and as such husband and wife they were the owners in fee of the land and premises described in the complaint herein as community property, and were then living in their dwelling-house thereon with their children; that thereafter, to wit, on or about the first day of August, A. D. 1860, while they were so the owners as aforesaid, and residing in their said dwelling-house on said property, they, as husband and wife, selected said land and premises, including their said dwelling-house and other lands adjoining, as a homestead for themselves and family, and to that end they in due form of law, and in writing made, executed, acknowledged, and recorded in the office of the County Recorder of Santa Clara County, their declaration of homestead upon said property, a copy of which declaration, marked ' Exhibit A,' is hereunto attached and made a part of this answer; and defendant avers and charges that said declaration was made, signed, acknowledged, and recorded for the purpose of claiming the land and premises therein described (including the premises described in this action) as a homestead, under the act of the Legislature of this State, approved April 28th, 1860, and that said homestead has never been abandoned in whole or in part by said Peter Reen, or by this defendant or by both of them.

" Defendant further alleges, that afterwards and on or about the 3d day of April, 1865, her said husband, Peter Reen, died, leaving him surviving this defendant and three children—

Peter Reen, Daniel O. Reen, and Edward Reen—all of whom were minors under fourteen years of age; that two of said children, viz., Daniel O. Reen and Edward Reen, are yet under twenty-one years of age; and she further avers and charges that she and her said children have continued to reside on said premises ever since the making, signing, acknowledging, and recording of the declaration of homestead, hereinbefore mentioned, and do yet reside thereon, claiming said premises, and the whole thereof, as a homestead. She further alleges that after the death of her said husband, and upon petition, to wit, on the 14th day of February, A. D. 1874, the Probate Court of the County of Santa Clara, in the State of California, by its order and judgment in that behalf duly given and made, set apart said premises to her as a homestead for her benefit and that of her said children. She further avers and charges that the mortgage sought to be foreclosed in this action by reason of the facts herein alleged is null and void; that said mortgage was made and signed by her, long after the death of her said husband, and was not made to secure or pay the purchase money of said homestead premises or any part thereof. Defendant further alleges, that at the time of selecting said premises as a homestead, and the filing of said declaration of homestead, they did not exceed in value the sum of five thousand dollars, nor did they at the time of the death of her said husband."

The answer concludes with a prayer that the mortgage be by the decree of the Court adjudged null and void; that her homestead be declared to be free from any lien or charge thereon in favor of plaintiff; that the Receiver heretofore appointed be discharged, and that he be directed to account and pay over to the defendant all moneys he may have received as such, and for such other and further judgment and decree as may be meet in the premises, and for general relief.

To the defense set up plaintiff demurred. The Court sustained the demurrer, and defendant declined to amend, whereupon the cause was tried and a decree of foreclosure in the usual form was rendered for plaintiff. From this judgment defendant appealed.

The appellant contends that the mortgage is null and void, and therefore constituted no lien on the property. If it is

null and void, it is because it is illegal; and conceding for the purpose of this case that the defendant can set up such defense, we proceed to inquire into the contention above stated.

Is the mortgage null and void? The mortgaged premises were the homestead of the defendant and her husband, Peter Reen, regularly declared and constituted as such in August, 1860, under the act of the Legislature of that year, approved April 28th, 1860, amending the act of 1851. (Stats. 1860, 311.) By the fourth section of the act of 1860, amending the tenth section of the act of 1851, it was provided that on the death of the husband or wife, the homestead shall be set apart by the Probate Court for the benefit of the surviving husband or wife and his or her legitimate children. In 1862, another act was passed, amending the act of 1860 (Stats. of 1862, 319), and the fourth section of the latter act was amended by the fourth section of the act of 1862, so as to read as follows:

" The homestead property selected by the husband and wife, or either of them, according to the provisions of said act, shall upon the death of the husband or wife, vest absolutely in the survivor, and be held by the survivor as fully and amply as the same was held by them, or either of them, immediately preceding the death of the deceased, and shall not be subject to the payment of any debt or liability contracted by or existing against the said husband and wife, or either of them, previous to or at the time of the death of such husband or wife, except such debt or liability as the homestead was subject to at the death of such husband or wife."

By this amendment the estate of the surviving husband or wife was enlarged so as to vest in the survivor, on the death of either spouse, the title to the homestead, absolutely, to be held by the survivor " *as fully and amply as the same was held*" by the spouses, or either of them, immediately preceding the death of the deceased spouse.

The second section of the act of 1860 allowed a mortgage to be executed in a mode prescribed by that section. This section was also amended by the second section of the act of 1862, permitting a mortgage to be executed in a mode somewhat different from that enacted by the second section of the act of 1860. But under the provisions of both acts the spouses were to co-operate. After the death of either

spouse, it seems that under the act of 1860 the power to mortgage was gone, as the children, under that act, took an interest on the occurence of the death of either husband or wife.

Then came the act of 1862, by the fourth section of which the homestead vested absolutely, as we have seen, in the survivor, to be held by such survivor as fully and amply as held by husband and wife, or either of them, immediately before the death of the decedent, and this, as we construe it, gave to the survivor the right to mortgage the homestead given by the first section of the act of 1862, amending the second section of the act of 1860. If this was not so, the survivor would not hold the homestead absolutely, as fully and amply as the same was held by them or either of them under the act of 1860, and the object of the act would be defeated. The Legislature, no doubt, deemed the power to mortgage given by the acts in relation to homesteads proper and beneficent under the circumstances which might occur, and therefore left it to the joint will of husband and wife, during the existence of the coverture, to execute such instrument if they thought proper so to do. After the coverture ended, the act of 1860 did not allow the power, but the Legislature, considering it still as proper and beneficent after death had determined the marriage relation, vested it in the survivor, to be exercised according to his or her discretion. This we consider a fair deduction from the whole act taken together. No doubt it was seen that it might become absolutely necessary for the survivor to raise money by mortgage for the relief of the family, and for this reason the power was given. We therefore consider the mortgage executed by the defendant a valid one, unless otherwise for the reasons urged by appellant.

Now it is said the act of 1862 did not affect homesteads declared under the act of 1860, that it was not, and did not purport to be, retroactive.

It was held in *Rich* v. *Tubbs,* 41 Cal. 34, where the effect of the act of 1862 on homesteads declared under the act of 1860 was the very point in judgment, that under the fourth section of the act of 1860, the surviving children took an interest in the homestead on the death of either husband or wife, and took no interest before; that since the passage of the act

of 1862 the children surviving on the death of either spouse took no interest, but the same vested absolutely in the survivor. It is true that in this case it did not appear when the deceased spouse died, but the Court said that the above was the law under the act of 1860, unless he died before the act of 1862 took effect. Some criticism is made by counsel upon the language of the Court in this case, in speaking of the right which passed to the children under the act of 1860 as an inheritance, but it makes no difference as to the use of this expression. The conclusion reached by the Court was correct, whether it was technically an inheritance or not, and it interfered with no vested right. In this case the homestead was declared by Tubbs and wife in 1861, under the act of 1860 (41 Cal. 34), and as we have said above, the point was directly in judgment, and was decided, we think, correctly. In the case before us Reen and wife, as we have stated, declared their homestead in 1860, under the act of that year, and Reen, the husband, died in 1865. So the doctrine of *Rich* v. *Tubbs* applies. (See *Matter of the Estate of Delaney*, 37 Cal. 181, where the same rule was declared in a controversy between the surviving wife and one of the children.) Nor is the act of 1862 retroactive. It had no effect in this case under the rule of *Rich* v. *Tubbs*, until the death of Reen occurred, and that was in 1865.

It is urged that the acts of 1860 and 1862 are not statutes of descent, and that the legislature was powerless to destroy or change the tenures of the estates of persons obtained by homestead declarations under any or all of the acts.

But we have seen that no rights vested in the children under the act of 1860, until the death of one of the spouses, and therefore no change was made in their estate or rights, nor were they destroyed. *Estate of Headen*, 52 Cal. 297, cited by counsel, does not change the rule in *Rich* v. *Tubbs*. It is so stated in the opinion of the Court, which was drawn up by the same learned Justice (Rhodes) who drew up the opinion in *Rich* v. *Tubbs*, id. 298–299. In the *Estate of Headen* it is held that the act of 1860 is a statute of descent, as applicable to property which had been appropriated as a homestead. The change in the law by the act of 1862 was made before any right vested in the children, and there-

fore does not come within the constitutional inhibition adverted to.

As to the act of 1862 interfering with the right of defendant, we can not perceive that this position is tenable. It enlarges her right without destroying it. It enlarges her right by giving her the estate absolutely, to be held in the manner above stated, and it enlarged her right to dispose of it. Under these circumstances should she be heard to complain?

The setting apart by the Probate Court of the premises as a homestead to the defendant did not change the nature or character of the title. (*Rich* v. *Tubbs*, 41 Cal. 34.)

It is a serious question whether the defendant should be allowed to set up the defense she offers in this case. Is it not equivalent to allowing her to say that she has a title to the property mortgaged? Ought she to be allowed to set up such a defense? But this question we do not propose to decide, as the other questions passed on are decisive of the case.

Judgment affirmed.

SHARPSTEIN, J., and MORRISON, C. J., concurred.