[No. 11408. Department One. — March 23, 1889.]

## MICHAEL TYRRELL, RESPONDENT, *v.* A. W. BALDWIN ET AL., APPELLANTS.

APPEAL — MOTION TO DISMISS — RENEWAL WITHOUT LEAVE. — When a motion to dismiss an appeal has been denied, a renewal of the motion upon the same grounds, upon the hearing of the appeal upon its merits, without leave granted in the former order, has nothing to commend it to the discretion of the court, and such renewed motion will be denied.

HOMESTEAD — SURVIVORSHIP. — The right of homestead and exemption is the creature of the legislature, and subject to legislative control. The law in force at the time of the death controls on the subject of homesteads and the rights of survivors. When the act under which a homestead was created is amended before the death of either husband or wife, the right of survivorship is governed by the amended, and not by the original, law.

ID. — CONTINUED EXISTENCE OF HOMESTEAD — FINDINGS. — When the findings as to a homestead are as broad as the issues, and there is no finding of abandonment of the homestead either before or after the death of the wife, a judgment declaring the homestead exempt from forced sale in the hands of the surviving husband will not be reversed for failure to find specifically whether the husband and wife resided on the land up to the time of the wife's death.

ID. — EXEMPTION FROM FORCED SALE. — Under sections 1265 and 1465 of the Code of Civil Procedure, a homestead selected from community property vests absolutely in the survivor on the death of either spouse, and is not subject to forced sale for the subsequent debts of the survivor.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*A. L. Rhodes*, and *William Levision*, for Appellants.

The premises did not constitute a homestead at time of the execution, levy, and sale. The survivor became absolute owner. (*Herrold* v. *Reen*, 58 Cal. 446; *Graham* v. *Stewart*, 68 Cal. 376.) Under the fourth section of the act of 1862, the exemption from liabilities only applies to such as were chargeable at the death of one of the spouses, and the mention of these liabilities excludes all others, and leaves the premises subject to any other liability which might be chargeable to property held in absolute ownership.

*William Royal*, and *E. W. McGraw*, for Respondent.

The homestead was exempt from sale, and the sheriff's deed passed no title. (Civ. Code, sec. 1265.) The law in force as the time of the death is the law which governs on the subject of the rights of the survivor. (*Estate of Delaney*, 37 Cal. 176, 181; *Rich* v. *Tubbs*, 41 Cal. 34; *Johnston* v. *S. F. Savings Union*, 75 Cal. 140.) The provision that the homestead upon death, etc., "vests absolutely in the survivor," is entirely consistent with the theory that the homestead survives to the surviving spouse. (*Estate of Headen*, 52 Cal. 294, 298.)

PATERSON, J.—Action to quiet title.

The appeal is from the judgment, the only question being as to the sufficiency of the findings to support the judgment of the court below in favor of the plaintiff.

Two years ago the respondent moved to dismiss the appeal herein, and the motion was denied. (72 Cal. 192.) At the hearing of the appeal on its merits the motion was renewed. It is based on the same facts, and as leave

was not granted in the former order to renew the motion, there is nothing to commend it to the discretion of the court. It is therefore denied. (*Ford* v. *Doyle*, 44 Cal. 637.)

As to the merits: On August 13, 1867, M. Tyrrell and his wife, by a declaration duly executed and recorded, selected the land in controversy as a homestead from their community property. On August 22, 1874, Mrs. Tyrrell died. She left surviving her a daughter, then aged seven years, who has ever since been dependent upon her father for support, and has lived with him. In April, 1877, one Porter commenced an action against M. Tyrrell, and in March, 1880, he recovered a judgment against him for the possession of the property sued for, and if a return could not be had, then for the recovery of $250, the value thereof, together with costs, taxed at $150. The property sued for was a house that had stood on the premises in controversy, but had been removed therefrom prior to the commencement of the action. In October, 1877, Porter made, executed, and delivered to Baldwin a deed of the land in controversy, and thereupon Baldwin entered into possession of the land, and has ever since held the same. On February 8, 1883, Porter procured an execution upon his judgment against Tyrrell, which was levied upon all the interest Tyrrell had in the premises on March 24, 1880. Under this execution and levy the sheriff duly sold the land to defendant Baldwin on April 11, 1883, for $540. Defendant paid the money over to the sheriff, and no redemption having been made, a deed in due form passed from the sheriff to defendant on November 21, 1883.

Since the trial of the action M. Tyrrell died, and his daughter — administratrix — has been substituted as plaintiff.

The main question before us is, whether the sale under the execution issued in *Porter* v. *Tyrrell* was valid or void. Plaintiff claims that it was void; that the land

was subject to the declaration of homestead as well after the death of Tyrrell's wife as before; that it continued to be a homestead, the homestead of Tyrrell and his daughter, and could not be taken from them on forced sale, under an execution issued on a money judgment recovered against Tyrrell after the death of his wife. Defendant claims that the premises did not constitute a homestead at the time of the levy of the execution and the sale thereunder, and that they were not exempt from sale under the execution.

At the time the declaration of homestead was filed for record the homestead act of 1862 was in force and effect. (Statutes 1862, p. 519.) Section 4 of that act reads as follows: "The homestead property selected by the husband and wife, or either of them, according to the provisions of said act, shall, upon the death of the husband or wife, vest absolutely in the survivor, and be held by the survivor as fully and amply as the same was held by them, or either of them, immediately preceding the death of the deceased, and shall not be subject to the payment of any debt or liability contracted by or existing against the said husband and wife, or either of them, previous to or at the time of the death of such husband or wife, except such debt or liability as the homestead was subject to at the time of the death of such husband or wife."

There is no doubt that under this section the survivor would take the entire title (that both spouses held immediately preceding the death of the deceased spouse), but such title could not vest in the survivor until the death of the other spouse. That is the clear intent and plain letter of the statute. There can be no survivorship until a death has occurred. It follows, logically we think, that the law in force at the time the title vested should prevail as to the descent. The right of homestead and exemption is not beyond legislative control, but is the creature of the legislature, and can be limited according to the legislative will in any respect and at any time; and the

law in force at the time of the death we think controls on the subject of homesteads and rights of survivors. (*Estate of Delaney*, 37 Cal. 176; *Rich* v. *Tubbs*, 41 Cal. 34; *Johnston* v. *S. F. Savings Union*, 75 Cal. 134; Smyth on Homestead and Exemptions, pp. 28, 30, 38.) "The homestead, in fact, of the deceased husband was the homestead subsisting according to the law in force at the date of his death." (Thompson on Homestead and Exemptions, sec. 543.)

If the rights of the parties herein depended upon the proper construction of section 4 of the act of 1862, quoted above, we should doubtless follow the construction given to it in *Watson* v. *His Creditors*, 58 Cal. 556. The decision in that matter is based upon the act referred to. The court seems to have assumed that the act of 1862 determined the rights of the parties. That act left the homestead to the survivor, subject to forced sale for debts accruing after the death of the other spouse. Under it the homestead was not "subject to the payment of any debts . . . . existing . . . . previous to or at the time of the death." Presumably it was subject to all others. But that act was amended in 1874, to take effect July 1, 1874, and it is now provided in section 1265 of the Civil Code, that the title "vests in the survivor, subject to no other liability than such as exists or has been created under the provisions of this title. . . . . In no case shall it be held liable for the *debts of the owner* except as provided in this title." It is not claimed that the debt due from Tyrrell to Porter is one of the debts for which the homestead could be taken on forced sale under this section. (Civ. Code, sec. 1241.)

*Graham* v. *Stewart*, 68 Cal. 376, and *Herrold* v. *Reen*, 58 Cal. 446, cited by appellant, were cases arising under the provisions of the act of 1862. It does not follow, that because the survivor can mortgage the property after the title vests in him, it is subject to sale under execution; or that because the title vests absolutely in the

survivor, the homestead is subject to forced sale.   Such title is entirely consistent with the law of exemptions. (*Estate of Headen,* 52 Cal. 294.)   The homestead is subject to sale under a judgment of forclosure of mortgage executed and acknowledged by the husband and wife, yet is exempt from forced sale under execution on a money judgment, like the judgment under which the property in controversy was sold.   The question before us in this case is one of exemption rather than one of title under the homestead laws.

"It was not intended by the homestead enactments to create a new estate, but simply an exemption to protect the homestead within the statutory or constitutional limit from forced sale. . . . . The right of homestead is the creature of statute, unknown to the common law. But it seems to partake of an interest or right in the home, indeterminate in its duration, which may continue for the joint lives of the possessor and his wife, and in some cases until the majority of their children." (Smyth on Homestead and Exemptions, secs. 55, 69; *Bowman* v. *Norton,* 16 Cal. 219.)   In *Gee* v. *Moore,* 14 Cal. 472, Chief Justice Field said: "The wife, if surviving her husband, takes the homestead, not by virtue of any right of survivorship arising from the alleged joint tenancy, but as property set apart by law from her husband's estate, for her benefit and that of his children if there be any.   In the same way, other property exempt from forced sale is set apart to her."   The main object of the homestead laws is to protect the home of the wife and her children,—to provide a refuge for them which cannot be invaded.   This is the beneficent feature, the human character of laws on the subject; and the courts have held uniformly that they should receive as liberal construction as can fairly be given to them in favor of those for whose benefit the exemption was intended.

"The death of one of the spouses does not alter in any way the estate or title of the homestead. . . . . The stat-

ute of Texas [similar to section 1465 of the Code of Civil
Procedure] provides that all property exempt from exe-
cution (including the homestead) shall be set apart for
the use of the widow and children. . . . . Even if the
probate court had not been by any law invested with
anthority to designate for the use of the widow of the
deceased the property which in his lifetime had been
exempt from execution, yet such property would, in the
possession of the widow, be exempt from execution or
forced sale.   During the existence of the marriage the
husband was the head of the family, but on its dis-
solution by death the surviving wife was placed in that
position, and in such position she has all the incidents,
rights, and privileges.   The same of the husband on the
death of the wife.   The right of either as the head of
the family to retain the property exempt from execution
is perfect, and the right of one is entirely equivalent to
that of the other, and is neither of a higher, or lower, or
different, but of the same, grade, nature, and force. . . . .
They are co-equals in life, and at death the survivor,
whether husband or wife, remains the head of the fam-
ily." (Smyth on Homesteads, sec. 331; *Wood* v. *Wheeler,*
7 Tex. 21.)

Under section 1465 of the Code of Civil Procedure the
court has no discretion; it must set aside the homestead
selected from the community property. (*Estate of Bal-
lentine,* 45 Cal. 696.)   This provision seems to support
the theory that the homestead is preserved for the ben-
efit of the surviving spouse and the children, stamped
with the same quality that characterized it during the
lifetime of the deceased spouse.   That section provides
that "the court may [shall] of its own motion, or on
petition therefor, set apart for the use of the surviving
husband or wife, or, in case of his or her death, to the
minor children of the decedent, all the property *exempt
from execution,* including the *homestead* selected, desig-
nated, and recorded," etc.   Here the quality of the ex-

emption is clearly impressed upon the homestead set aside. It would not be a *homestead,* it would be wanting in the main feature which recommends it to favor, if, upon the death of the head of the family, it were no longer protected by the law of exemption. There is greater necessity for such protection after the death of one of the spouses than before. (Thompson on Homestead and Exemptions, sec. 531.)

Upon principle and authority, we think the sale of the land in controversy, under the execution issued in *Porter* v. *Tyrrell,* was void.

The court did not find whether Tyrrell and wife resided on the land up to the time of the death of the latter, unless the finding that they resided thereon at the time the declaration was filed establishes the fact by presumption. The findings, however, are as broad as the issues, and there is no finding of abandonment, either before or after the death of the wife.

Judgment and order affirmed.

Works, J., and Beatty, C. J., concurred.