[No. 12072.   Department One. —December 9, 1889.]

## J. P. GRUWELL ET AL., APPELLANTS, v. GEORGE SEY-BOLT ET AL., RESPONDENTS.

QUIETING TITLE — PLEADING — SPECIFIC ALLEGATION OF TITLE. — In an action to quiet title, where the pleader sets forth specifically the links in his chain of title, a general allegation of ownership will be treated as a mere conclusion from the facts stated, and will not cure any defect in the chain relied upon. It will be presumed that every fact has been alleged which can be proved.

HOMESTEAD — DECLARATION OF, WIFE — SEPARATE PROPERTY OF HUSBAND — TITLE OF HEIRS. — Under sections 1465, 1468, and 1474 of the Code of Civil Procedure, and section 1265 of the Civil Code, the homestead declaration of the wife alone on the separate property of the husband does not affect the title of the heirs to the property, but it vests in them on the death of the husband, subject only to the right of the court to set aside a homestead for a limited period to the surviving wife and children.

ID. — RIGHTS OF SURVIVORS — CONFLICT OF LAWS. — The law in force at the time of the death, and not that which was in force at the time of the declaration, controls on the subject of homesteads and rights of survivors.

ID. — ORDER SETTING APART HOMESTEAD — FAILURE TO APPEAL — SETTING ASIDE DECREE — FRAUD — PLEADING. — An order setting apart a homestead is appealable, and the right to have it reviewed for error is lost by failure to appeal therefrom. Where the heirs had notice of the application for a homestead, and the estate has been fully administered, their complaint in an action to set aside the decree, which fails to show any fraud or device which would prevent proof of the character of the property from which the homestead was selected, does not show a cause of action, though it shows that the homestead was falsely set aside as community property, and as the sole and separate estate of the widow, when the property was in fact the separate property of the husband. .

APPEAL from a judgment of the Superior Court of Santa Clara County.

The facts are stated in the opinion of the court.

*Louttit, Woods & Levinsky,* and *Archer & Bowden,* for Appellants.

*T. H. Laine,* for Respondents.

PATERSON; J. — Judgment was entered in favor of defendants on demurrer to the complaint, and plaintiffs have appealed therefrom.

The complaint alleges that plaintiffs are the heirs at law of Robert Gruwell, who died intestate on July 17, 1881, leaving surviving him, besides these plaintiffs, a widow, Eliza V. Gruwell; that after the death of Robert, his widow, Eliza V., in a petition praying for letters of administration, falsely alleged that the land in controversy was community property, and that the appraisers falsely returned it in their inventory as community property; that in 1871 said Eliza V. made and filed a declaration of homestead on the premises; that upon a petition falsely alleging that the property was community property, the superior court, by its order, set aside the premises for a homestead absolutely as her sole and separate estate; on June 12, 1882, said Eliza V. con-

veyed all her right, title, and interest in and to the premises to one Barnes, who afterwards conveyed to defendants Seybolt and wife; that on June 6, 1883, Seybolt and wife mortgaged to defendant Shafter, and that defendant Summers claims to be the owner of said mortgage by assignment; that plaintiffs are the owners in fee-simple of the property, and entitled to the possession thereof. The prayer is, that defendants may be required to set forth the nature of their claims to the property; that the decree setting apart the homestead be vacated; for a judgment that defendants have no right, title, or interest in the property, and that plaintiffs are entitled to the possession of the premises and to costs of suit.

Appellants contend that the allegations of plaintiffs' ownership, and that defendants have no right, title, or interest in the property, but that they are wrongfully in possession, claiming adversely, are sufficient to show a cause of action, and that the demurrer therefore ought to have been overruled. Where, however, the pleader sets forth specifically the links in his chain of title, a general allegation of ownership will be treated as a mere conclusion from the facts stated, and will not cure any defect in the chain relied upon. It will be presumed that every fact has been alleged which can be proved. (*Turner* v. *White,* 73 Cal. 300; *Heeser* v. *Miller,* 77 Cal. 192.)

But the principal contention of appellant is, that the homestead declaration of the wife alone on the separate property of the husband did not affect the title of the heirs to the property; that notwithstanding such declaration the property vested in them on the death of the husband, subject only to the right of the court to set aside the homestead to the surviving wife and children for a limited period. In support of this contention, he cites the following sections of the codes: Sections 1465,

1468, and 1474 of the Code of Civil Procedure, and section 1265 of the Civil Code.

The authorities cited. by both parties show that the law in force at the time of the death, and not that which was in force at the time of the declaration, controls on the subject of homesteads and rights of survivors. (*Tyrrell* v. *Baldwin,* 78 Cal. 470; *Herrold* v. *Reen,* 58 Cal. 443.) If, therefore, the provisions of the codes just cited were in force at the time of the death of Gruwell, and it be true that it was selected from separate property of the husband by the wife alone, appellants are right in their contention, for all of the sections cited support it.

The only answer respondents make to this point is, that "the marriage was under the provisions of the homestead act of May 12, 1862, and so was the declaration of homestead. That being so, the heirs could have no part nor lot in the same. It went absolutely to the widow. This is the settled law of the state. (*Rich* v. *Tubbs,* 41 Cal. 35; *Herrold* v. *Reen,* 58 Cal. 443.)"

If the homestead act of 1862 had been in force at the time of the death of Gruwell, the answer would be satisfactory; but as he died on July 17, 1881, at which time the provisions of the code above referred to were in force and effect, the authorities cited by respondents bear directly against them.

The only question remaining is, whether, conceding the facts alleged to be true, appellants have lost their right to have the decree set aside by failure to appeal therefrom. We think they have. The order setting apart the homestead is appealable. (Code Civ. Proc., sec. 963, subd. 3; *Estate of Burns,* 54 Cal. 223.) The heirs had notice of the application for a homestead, the estate has been fully administered, and the complaint fails to show "that any fraud or device was resorted to by defendants whereby plaintiffs . . . . have been prevented from making proof in reference to" the character of the prop-

erty from which the homestead was selected. (*Kearney*
v. *Kearney*, 72 Cal. 591.)

The judgment is affirmed.

WORKS, J., and FOX, J., concurred.

Hearing in Bank denied.