[Sac. No. 105. Department Two.—May 26, 1896.]

LAFAYETTE DICKEY, RESPONDENT, v. CRECENCIA GIBSON, EXECUTRIX, APPELLANT.

HOMESTEAD—HUSBAND AND WIFE—MORTGAGE BY SURVIVOR AFTER SECOND MARRIAGE.—A homestead selected by a husband from his separate property during the lifetime of his first wife vested absolutely in him upon her death, as fully as if no homestead had ever been carved out of it, and although it remained exempt from forced sale, the husband's title having vested at the death of his first wife, is not affected by a second marriage; and the husband alone can mortgage the homestead, without the signature of his second wife, notwithstanding residence upon the homestead with her, and with his children by both wives, prior to the execution of the mortgage.

ID.—FORECLOSURE OF MORTGAGE—AMENDMENT OF CLERICAL MISTAKES—FINDINGS—DECREE—NOTICE.—In an action to foreclose, clerical misprisions in the findings as to the amounts due on the note, and in the decree as to the description of the property, which are apparent upon the record, may be corrected by the court on its motion, with or without notice, and the fact that no notice was given of such amendment is not ground of reversal upon appeal.

APPEAL from a judgment of the Superior Court of Stanislaus County. WILLIAM O. MINOR, Judge.

The facts are stated in the opinion.

C. W. Eastin, for Appellant.

The homestead was not subject to the subsequent debt of the surviving spouse. (Tyrrell v. Baldwin, 78 Cal. 470; Gruell v. Seybolt, 82 Cal. 7; Civ. Code, secs.

1238, 1240, 1241, 1265; *King* v. *Gotz,* 70 Cal. 236; *Gaylord* v. *Place,* 98 Cal. 472; *Ontario Bank* v. *Gerry,* 91 Cal. 94.) The mortgage of Dickey was void as against the homestead, because it was not executed and acknowledged by both husband and wife. (*Brooks* v. *Hyde,* 37 Cal. 366; Civ. Code, sec. 1242, 1265; *Gleason* v. *Spray,* 81 Cal. 217; *Graves* v. *Baker,* 68 Cal. 133; *Gagliardo* v. *Dumont,* 54 Cal. 496; *Barber* v. *Babel,* 36 Cal. 11; *Burkett* v. *Burkett,* 78 Cal. 310; 12 Am. St. Rep. 58; *Lubbock* v. *McMann,* 82 Cal. 226; 16 Am. St. Rep. 108; *Fitzell* v. *Leaky,* 72 Cal. 483; *Oaks* v. *Oaks,* 94 Cal. 68; *Kennedy* v. *Gloster,* 98 Cal. 143; *Merced Bank* v. *Rosenthal,* 99 Cal. 48; *Powell* v. *Patison,* 100 Cal. 236; *Hefner* v. *Urton,* 71 Cal. 480; *Stockton etc. Assn.* v. *Chalmers,* 75 Cal. 332; 7 Am. St. Rep. 173.) Upon the death of either spouse, a homestead declared upon community property vests absolutely in the survivor, still retaining its homestead characteristics. (*In re Ackerman,* 80 Cal. 208; 13 Am. St. Rep. 116; *Waggle* v. *Worthy,* 74 Cal. 266; 5 Am. St. Rep. 440; *Tyrrell* v. *Baldwin,* 78 Cal. 470; *Roth* v. *Insley,* 86 Cal. 134; Thompson on Homesteads, secs. 540, 546.) The homestead law is remedial, and is to be liberally construed in favor of the exemption. (*Schuyler* v. *Broughton,* 76 Cal. 524; *Southwick* v. *Davis,* 78 Cal. 504; *Gaylord* v. *Place, supra; Heathman* v. *Holmes,* 94 Cal. 291; *Merced Bank* v. *Rosenthal,* 99 Cal. 39; *Keyes* v. *Cyrus,* 100 Cal. 322; 38 Am. St. Rep. 296; *Quackenbush* v. *Reed,* 102 Cal. 493.) All the matters in the complaint relating to insolvency and injunction ought to have been stricken out as immaterial, redundant, and sham, and not pleaded in good faith. The court had no power to amend its conclusions of law without notice to appellant. (*Wunderlin* v. *Cadogan,* 75 Cal. 617.) It cannot change its findings after entry of judgment. (*Bate* v. *Miller,* 63 Cal. 233; *Condee* v. *Barton,* 62 Cal. 1; *Los Angeles* v. *Lankershim,* 100 Cal. 525; Freeman on Judgments, sec. 72; *Morrison* v. *Dapman,* 3 Cal. 255; *Branger* v. *Chevalier,* 9 Cal. 172, 351; *De Castro* v. *Richardson,* 25 Cal. 49; *Kirby* v. *Superior Court,* 68 Cal. 606;

*Casement* v. *Ringgold*, 28 Cal. 335; *Wakelee* v. *Davis*, 62 Cal. 514; *Hobbs* v. *Duff*, 43 Cal. 485; *Thompson* v. *Lynch*, 43 Cal. 482.)

*L. J. Maddux*, for Respondent.

The mortgage of Dickey was not void as to any of the land described in the complaint and mortgage. The land, when homesteaded by Gibson, was his separate property, and, when his wife died, he became the absolute owner in fee. The marriage to his second wife did not change his title, nor the manner of conveyance. (*Graham* v. *Stewart*, 68 Cal. 374.) The motion to strike out the matters in the complaint objected to by appellant was properly denied, as they were necessary in order to obtain an injunction and the appointment of a receiver. There was no error in amending the decree in regard to the amount of the principal and the description of the land, as the mistakes were irrelevant, and merely clerical. The court can amend when the record furnishes the data. (*Bostwick* v. *McEvoy*, 62 Cal. 496; *Beatty* v. *Dixon*, 56 Cal. 621; *Fallon* v. *Brittain*, 84 Cal. 514; *Egan* v. *Egan*, 90 Cal. 21.) No notice was necessary. (1 Freeman on Judgments, sec. 72 a.)

SEARLS, C.—This is an action to foreclose a mortgage. Plaintiff had judgment of foreclosure, and Crecencia Gibson, as executrix, appeals.

The contention of the appellant is, that a portion of the mortgaged premises were, and are, the homestead of said appellant and of Samuel Gibson, her testator, and that, as to such homestead, the mortgage of the plaintiff and respondent herein never was, and is not now, a lien thereon.

The following facts will serve to illustrate the contention:

In April, 1875, Samuel Gibson was the owner of all the land described in the mortgage herein, and resided thereon with his then wife, Guadalupe Gibson, and their two minor children. The land was the separate

property of said Samuel Gibson, acquired by him before marriage.

On the sixteenth day of April, 1875, and while so residing thereon, the said Gibson and his said wife made, executed, acknowledged, and filed for record, in due form, in the county of Stanislaus, where said land is situate, their declaration of homestead upon all of said land, the value of which was, and is, less than $5,000. Subsequently, and during the life of said wife, said Samuel Gibson and Guadalupe Gibson, his wife, sold and conveyed a portion of said homestead. In 1879 the said wife, Guadalupe Gibson, died.

On or about February 18, 1882, Samuel Gibson intermarried with Crecencia Gibson, the appellant herein, and they have since resided upon the premises in question with the two minor children of the first marriage, and with six minor children, the fruit of the second marriage. Subsequent to the second marriage (probably) Samuel Gibson repurchased the land so sold by him and his first wife, Guadalupe.

On the second day of December, 1889, the plaintiff and respondent herein loaned to said Samuel Gibson $5,700, and the latter made to said plaintiff his promissory note therefor, payable one year after date, with interest at eight and one-half per cent per annum, compounded annually, etc., and, to secure the payment of said promissory note, said Gibson executed his mortgage to plaintiff on all the land referred to herein, including that sold and reconveyed to said Gibson, as well as the homestead premises. The mortgage was recorded.

On the twenty-eighth day of May, 1894, at the county of Stanislaus, state of California, said Samuel Gibson departed this life, leaving a last will under which Crecencia Gibson was nominated as executrix, and such proceedings were thereafter had that the said last will was duly admitted to probate, and said Crecencia Gibson duly appointed executrix thereof, and she duly qualified as such executrix, and still is acting as such.

Crecencia Gibson, the appellant here, did not execute the mortgage or receive any portion of the consideration of the note which it was given to secure.

Respondent presented his claim to the executrix for allowance, and then brought this action to foreclose, waiving, in his complaint, all recourse against any other property of the estate, except the mortgaged premises.

By the decree, the court ordered a sale of the property, other than the alleged homestead, to be first made, and then the homestead premises, if necessary to satisfy the demand of plaintiff.

Section 1265 of the Civil Code, as amended in 1880, provides as follows in reference to homesteads: " From and after the time the declaration is filed for record, the premises therein described constitute a homestead. If the selection was made by a married person from the community property, the land, on the death of either of the spouses, vests in the survivor, subject to no other liability than such as exists or has been created under the provisions of this title [Civ. Code, div. II, pt. IV, title V]; in other cases, upon the death of the person whose property was selected as a homestead, it shall go to his heirs or devisees, subject to the power of the superior court to assign the same for a limited period to the family of the decedent; but in no case shall it be held liable for the debts of the owner, except as provided in this title."

As will be observed from the foregoing section, upon the death of either spouse, a homestead declared upon community property vests absolutely in the survivor.

In the hands of such survivor it is protected against enforced sale, precisely as before it had been protected to the community by its homestead character. (*Sanders* v. *Russell*, 86 Cal. 119; 21 Am. St. Rep. 26; *Estate of Burdick*, 76 Cal. 639; *Sheehy* v. *Miles*, 93 Cal. 288; *Tyrrell* v. *Baldwin*, 78 Cal. 470.)

Prior to the amendment of 1880, and under the law of 1862, the homestead, in such cases, went to the survivor, subject to forced sale for debts accruing after the

death of the other spouse. (*Watson* v. *His Creditors*, 58 Cal. 556.)

When, as in this case, the homestead is selected from the separate property of the husband, who joined in its selection as a homestead, then, upon the death of the wife, it goes absolutely to the surviving husband. (*Estate of Croghan*, 92 Cal. 370; Code Civ. Proc., sec. 1474.)

The title to the homestead property, then, vested absolutely in Samuel Gibson at the death of his first wife, Guadalupe Gibson, in 1879, which was some ten years prior to the making of the note and execution of the mortgage herein. Could he then execute a valid mortgage on the homestead premises? We think this question must be answered in the affirmative.

By the death of the first wife the homestead property vested absolutely in the surviving husband, Samuel Gibson. As far as the legal title is concerned, it vested in him as fully and perfectly as though no homestead had ever been carved out of it. The limitations and immunities which accompanied the enjoyment of the property under such title, modified, not the title, but its enjoyment, and were only such as the statute imposed. Save as to these limitations and immunities, the homestead ceased to exist.

It was also, under section 1474, exempt from the payment of any debt or liability contracted by or existing against either the husband or wife, or either of them, previous to or at the death of such husband or wife, except as provided in the Civil Code. (Code Civ. Proc., sec. 1474.)

The Civil Code provides the manner by which the homestead may be sold, abandoned, or encumbered. (Civ. Code, sec. 1240–44.)

The legislature evidently contemplated that cases would arise in which third persons would succeed by purchase to the rights and title of successors to homesteads, for it is provided by section 1435 of the Code of Civil Procedure, that such purchasers " shall have all

the rights and benefits conferred by law on the persons whose interests and rights they acquire."

*Herrold* v. *Reen*, 58 Cal. 443, was a case in which a homestead was declared by husband and wife upon community property under the act of 1860.

In 1862 the statute was so amended that it provided, as at present, that upon the death of the husband or wife the property, as at present, vested in the survivor. The husband died subsequently to this amendment.

Under the act of 1862, as at present, in order to constitute a valid mortgage on the homestead, it was necessary for the spouses to co-operate.

After the death of the husband the wife executed a mortgage upon the homestead property, and it was held valid and binding, although the mortgaged premises had been set apart by the probate court as a homestead for the mortgagor and her children.

When the Civil Code, section 1242, provided that the homestead of a married person could only be conveyed or encumbered by the execution and acknowledgment of an instrument by both husband and wife, it was dealing with the condition which it had established by the same title, in reference to homesteads, and for the protection of the spouses in their *status* as husband and wife, and with no view to the altered conditions existing after the death of one of the spouses, when there was no marital relation to protect, and when, by the same law, it was provided that the title to the homestead property, which, during coverture, was held jointly, should vest in the survivor.

It would require a more emphatic declaration than is to be found in our statute to authorize a construction which would forever deny to the homestead survivor the right of alienation of property the title to which is vested in him "absolutely."

We must not be understood as holding that in the hands of Samuel Gibson the former homestead was liable to sale on a money judgment against the latter. That question was determined in *Tyrrell* v. *Baldwin*,

*supra,* against such contention. That case did not hold, however, that the survivor could not mortgage the property, but indicated, without deciding, that he could do so. The following language was used: "It does not follow that because the survivor can mortgage the property after the title vests in him, it is subject to sale under execution; or that because the title vests absolutely in the survivor the homestead is subject to forced sale. Such title is entirely consistent with the law of exemptions." (Citing *Estate of Headen,* 52 Cal. 294.)

Waples, in discussing this question, says: "By the provision, 'The homestead property selected by the husband and wife, or either of them, . . . . . shall, upon the death of the husband or wife, vest absolutely in the survivor,' after the demise of either, the power to mortgage is in the widow or widower, as the case may be." (Waples on Homestead, 601.)

The title to the homestead property, having vested in Gibson at the death of his first wife, was not affected by his second marriage to the appellant herein.

As was said in *Graham* v. *Stewart,* 68 Cal. 379: "The marriage changed her social *status,* but did not change her right to the property. In its title and use it remained vested in her as the true owner, usable by her for her exclusive benefit, and disposable by her, without the consent of her husband, in the manner provided by law; i. e., by a conveyance of the property," etc.

The facts of that case are on all fours with this, except that there the husband had died and the widow had again married, and thereafter executed a mortgage on the former homestead, while here it was the husband who survived and executed the mortgage.

We are of opinion that, upon both principle and authority, the mortgage executed by Samuel Gibson to the respondent was valid, and created a lien upon the property in question.

The portions of the complaint which appellant moved to strike out were proper as a predicate for the injunction which plaintiff sought, and as a foundation for the

appointment of a receiver. The temporary injunction was dissolved, and no receiver was ever, so far as appears, appointed.

The following mistakes occurred in the proceedings, and were amended by the court without notice to appellant, and these amendments are urged as error:

1. The court found there was due to plaintiff, as principal upon the note in suit, $5,700, and as interest, $1,957.21, as a counsel fee $200, and costs $20.25, aggregating $7,877.46.

As conclusions of law from the foregoing findings of fact, the court found that there was due plaintiff, on the promissory note in the findings set out, the principal sum of $570, thus omitting a cipher to make it $5,700 as in the facts. The conclusion as to interest, counsel fee, and costs, together with the aggregate of $7,877.46, for which judgment was ordered, was precisely as in the finding of facts.

This was, as abundantly appeared by the record, a mere clerical misprision, which the court could, on its own motion, amend with or without notice.

2. In entering the decree, by inadvertence and mistake the fractional southeast quarter of the southwest quarter of section 36, township 2 south, range 7 east, Mount Diablo base and meridian, was omitted, although contained in the mortgage and findings. The court amended the decree one month after its entry by including therein this fraction. What we have said of the former amendment applies to this also. (*Bostwick* v. *McEvoy*, 62 Cal. 496; *Beatty* v. *Dixon*, 56 Cal. 624; *Fallon* v. *Brittan*, 84 Cal. 514; *Egan* v. *Egan*, 90 Cal. 21; 1 Freeman on Judgments, 4th ed., sec. 72 a.)

We recommend that the judgment be affirmed.

BELCHER, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

TEMPLE, J., HENSHAW, J., McFARLAND, J.

Hearing in Bank denied.