ARMOUR FERTILIZER WORKS, demandante y apelada, *v.* SEVERO ABELLA BASTÓN, demandado y apelante.

No. 6626.—*Sometido:* Diciembre 3, 1934. *Resuelto:* Diciembre 20, 1934.

*S. Abella Bastón,* por su propio derecho; *R. Buscaglia,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La parte apelada solicita la desestimación del recurso interpuesto en este caso de acuerdo con la regla 59 del Reglamento de esta corte que dice:

"59. Expirado el término de noventa días desde la fecha en que se presentare el escrito de apelación, y no obstante las prórrogas concedidas por la corte inferior, el Tribunal a discreción podrá desestimar una apelación que no haya sido anteriormente registrada en este Tribunal, mediante moción presentada al efecto, si se probare satisfactoriamente que el apelante no ha proseguido su apelación con la diligencia debida o de buena fe, o que tal apelación es frívola."

Alega que la apelación se interpuso en 12 de febrero último, que el demandado apelante se acogió para tramitarla al procedimiento de exposición del caso, que la exposición no había sido presentada a la fecha de la moción, octubre 22, 1934, limitándose el apelante a solicitar prórroga para ello, que el apelante ha sido negligente, que se trata de un caso cuya vista apenas duró una hora, teniendo el apelante en su poder el récord taquigráfico, que sólo consta de treinta y cinco páginas—desde fines de marzo, 1934.

El apelante impugnó la moción por escrito y oralmente. Acepta que optó por la exposición del caso y dice que aunque la transcripción taquigráfica está firmada en marzo 28, 1934, no fué por él recibida hasta abril 1º. siguiente, por lo que sólo habían transcurrido seis meses y días, "en cuyo tiempo no se ha preparado dicha exposición, por errores del fallo de la corte que había que puntualizar y por errores del récord taquigráfico que había que salvar, por lo que se precisó algún tiempo más."

Niega el apelante que haya sido negligente y que el juicio durara sólo una hora, asegurando que se invirtieron en él tres y sostiene que se trata de una apelación importante establecida de buena fe. Llama la atención hacia el hecho de haberse solicitado anteriormente la desestimación fundándose también en la negligencia del apelante, desestimación que fué declarada sin lugar, e invoca el caso de *Tyrrell* v. *Baldwin,* 78 ·Cal. 470.

A la impugnación se acompañó una certificación expedida por el Secretario de la Corte de Distrito de San Juan haciendo constar que la exposición fué finalmente radicada el 30 de noviembre de 1934, enumerando el pliego de excepciones diez errores.

A nuestro juicio la negligencia del apelante en la tramitación del recurso surge clara de los autos.

La apelación se interpuso el 12 de febrero de 1934. Los noventa días a que se refiere la regla vencieron a mediados de mayo siguiente. En junio 28, 1934, la apelada solicitó

la desestimación del recurso por negligencia en la tramitación del mismo y por ser frívolo. Esta corte oyó a ambas partes y el 11 de julio siguiente declaró la moción sin lugar por estar vigente una prórroga concedida por la corte de distrito para archivar la exposición y por no existir base suficiente para decidir si el recurso era o no frívolo.

Habían transcurrido los noventa días, pero la corte ejercitó su discreción en pro del apelante como generalmente lo hace cuando está vigente alguna prórroga y no surge clara de los autos la negligencia.

No obstante esa primera reclamación de su derecho por parte de la apelada, a pesar de ese aviso, la inactividad del apelante continuó. Tenía en su poder desde abril 1, 1934, el récord taquigráfico que es todo cuanto necesitaba para preparar la exposición. El récord sólo constaba de treinta y cinco páginas. Se trataba, pues, de un trabajo de unos días. Y transcurrieron meses sin que se realizara.

Más de noventa días después de haber archivado su primera moción, el 22 de octubre de 1934, ejercitó otra vez su derecho la apelada y pidió que se desestimara el recurso por negligencia en la tramitación del mismo. Conocemos la excusa del apelante, errores del fallo y errores del récord que había que salvar. Es inadmisible. No se señalan los errores. Si existían, tuvo el apelante más de seis meses para corregirlos y nada hizo. Además, pudo presentar la exposición de acuerdo con la verdad. El récord estaba en sus manos solamente para auxiliarlo en su trabajo.

La circunstancia de haberse archivado finalmente la exposición, no es decisiva. Lo hubiera sido si el archivo se hubiera verificado antes de la notificación de la moción de desestimación. Regla 58 del Reglamento de este tribunal. Se verificó más de un mes después de dicha notificación.

Aun así nos inclinaríamos a tomarla en consideración para ejercitar nuestra discreción en pro del apelante, pero los hechos de este caso son tan fuertes, entre ellos el de la exis-

tencia de la moción anterior, que seríamos claramente injustos para con la otra parte si así lo hiciéramos.

El caso de *Tyrrell* v. *Baldwin*, 78 Cal. 470, no es aplicable. Se trata de situaciones distintas. En él se resolvió: "Se apela de la sentencia, siendo la única cuestión la referente a la suficiencia de las conclusiones a que llegó la corte inferior para sostener la dictada en favor del demandante. Hace dos años el querellado solicitó la desestimación del recurso, y su moción fué declarada sin lugar. (72 Cal. 192). La moción fué presentada nuevamente en la vista de la apelación en sus méritos. Se basa en los mismos hechos, y no habiéndose concedido permiso para repetirla en la resolución anterior, la corte no puede ejercer su discreción. Por tanto, se declara sin lugar." Aquí la segunda moción se basa en el nuevo hecho de la negligencia continuada del apelante. La apelada tenía perfecto derecho a presentarla. Esta corte resolvió antes que en junio 28, 1934, aun no surgía clara la negligencia, y resuelve ahora que en octubre 22 la negligencia era evidente.

*La moción debe ser declarada con lugar y el recurso desestimado en su con...*