DANIELS, appellant, *v.* ANDES INSURANCE Co., respondent.

PLEADING — *complaint upon insurance policy.* The complaint alleged substantially that defendant was a corporation; that plaintiff was owner of a certain building and goods therein of the value of $20,000; that defendant, for a valuable consideration, insured plaintiff against loss by fire, and issued its policy, a copy of which is set forth in complaint; that the building and goods were totally destroyed by fire; that plaintiff furnished defendant with a statement and proof of his loss, and that plaintiff performed all the conditions of the policy, upon his part. Plaintiff prayed for $5,000, the amount named in the policy. *Held,* that the complaint states facts sufficient to constitute a cause of action.

SAME — *answer to complaint upon insurance policy.* The answer to the said complaint admitted that defendant executed the policy and had not paid the sum claimed; denied that plaintiff owned the building and goods; denied that the loss exceeded $2,000; denied that plaintiff furnished proof of the loss; denied that plaintiff performed the conditions of the policy, and alleged that one Cutter was a part owner of the property; that plaintiff made false and fraudulent statements in his application for the insurance, and that the covenants and warranties of plaintiff formed a part of the consideration for said insurance. *Held,* that the answer is sufficient, and puts in issue the material facts alleged in the complaint. *Held* also, that, under said pleadings, the plaintiff was required to prove the performance of the conditions of the contract upon his part.

EVIDENCE — *insurance policy — examination of plaintiff.* In this action to recover under said pleadings upon a policy of insurance, the following question was propounded to plaintiff, upon his direct examination: " State whether or not you complied substantially with the conditions of the policy issued to you by the Andes Insurance Company, on the 1st of April last?" He answered, " I think I did; I did." The court refused to allow defendant to cross-examine plaintiff respecting the manner in which he performed each condition of said policy. *Held,* that the question was too

general and leading, and that the only answer would be a conclusion of law. *Held*, also, that the court should have permitted said cross-examination of plaintiff by defendant.

Pleading under Civil Practice Act. The Civil Practice Act has abolished the rule of the common law, which construed a pleading against the pleader, and requires parties to state only the ultimate facts upon which they rely, in ordinary and concise language, and without repetition.

Defective pleadings and verdict. Defects in pleadings, which are cured by the verdict, cannot be taken advantage of in this court.

Cases criticised. The decisions of the New York courts upon the practice under the Code of that State are conflicting, and entitled to slight weight in interpreting the Civil Practice Act of this Territory.

Rules of statutory construction. Courts construe statutes and ascertain the intention of the legislative assembly by considering every part of the act, its subject-matter, object and intent.

*Appeal from Third District, Lewis and Clarke County.*

This action was tried by a jury that returned a verdict for Daniels, and a new trial was granted by the court, Wade, J. The 68th section of the Civil Practice Act, which is referred to in the opinion, is as follows: " In pleading the performance of conditions precedent in a contract, it shall not be necessary to state the facts showing such performance; but it may be stated generally that the party duly performed all the conditions on his part, and if such allegation be controverted, the party pleading shall establish, on the trial, the facts showing such performance."

Chumasero & Chadwick, for appellant.

The insurance policy was made a part of complaint for the benefit of respondent. Appellant stated, generally, that he had duly performed all the conditions upon his part. This was sufficient, without stating the facts. Civ. Pr. Act, § 68.

If such an allegation be controverted, the party pleading must establish, on the trial, the facts showing such performance. In what manner must the defendant controvert the allegation to put the plaintiff upon proof of specific performance? This is the only question that appellant presents.

The New York statute is like our own. No proof can be offered of facts not put in issue by the pleadings. All special matter of defense must be pleaded. No special answer has been filed in this action, and the general denial of the performance of

the conditions of the insurance policy by appellant is insufficient. *N. Y. C. Ins. Co.* v. *N. P. Ins. Co.*, 20 Barb. 473; Com. Dig., tit. Pleader, C, 81; *Marine Ins. Co.* v. *Hodgson*, 6 Cranch, 206; *Hotham* v. *East I. Co.*, 1 Term, 638.

The denial of each allegation of the complaint must be specific. Civ. Pr. Act, § 56. Respondent should have pointed out in what particular there was a failure upon the part of appellant to perform the conditions of the insurance policy.

Every material allegation of the complaint that is not controverted by the answer shall be taken as true. Civ. Pr. Act, § 73. The meaning of "controverted" is the same in both sections (68, 73). Under the old practice it was not necessary to plead in a declaration each condition and its specific performance. Our statute requires respondent to set forth each breach of the policy that it relied upon as a defense. Respondent has not done this.

TOOLE & TOOLE, for respondent.

The representations contained in the application for the insurance policy are conditions precedent.

Section 68 of the Civil Practice Act admits of but one interpretation. 1 Van Santv. Pl. 196, 498, 499, 234, 237; *Stoddard* v. *Treadwell* 26 Cal. 305. The evidence shows that appellant violated the conditions of his insurance policy, in respect to the quantity of coal-oil and gunpowder kept on the premises.

SERVIS, J. The appellant sued the respondent upon a policy of insurance, alleging in substance that the defendant was a corporation duly organized under the laws of the State of Ohio; that on the 1st day of April, 1872, he was the owner of a certain frame building, situate outside the garrison at Fort Ellis, in the county of Gallatin and Territory of Montana, containing certain goods, wares, merchandise and personal property, all of the value of $20,000, which the defendant, in consideration of the sum of $300, insured to the plaintiff against loss or damage by fire or lightning, and issued its policy of insurance accordingly, which policy is copied into plaintiff's complaint; that on the 3d day of April, 1872, said building and contents were totally destroyed by fire; that about the first day of June thereafter, the plaintiff fur-

nished the defendant with a statement and proof of his said loss, and that he otherwise performed all the conditions of said policy on his part, and prays judgment for $5,000, the amount named in said policy, with interest, and for costs of suit.

. To this complaint the defendant demurred, on the grounds that the same did not state sufficient facts to constitute a cause of action, and that the same was ambiguous, unintelligible and uncertain, which demurrer was overruled by the court, to which the defendant then excepted, and then filed its answer, which admitted the execution of the policy and the non-payment of the amount, as claimed, and denied the ownership, by plaintiff, of the property insured; that the loss amounted to the sum of $20,000; that plaintiff furnished proof of the loss, or that he performed or complied with the conditions of the policy on his part, and averred that one W. B. Cutter was part owner of the property in question; that the loss occasioned by said fire did not exceed over $2,000; that plaintiff made false and fraudulent statements in his application for said insurance, and that the covenants and warranties of the plaintiff formed a part of the consideration for said insurance; and that, by reason of the premises, the defendant is not liable to plaintiff on account of such loss, and prays judgment for costs.

Upon this state of the pleadings the parties proceeded to trial to a jury. The proceedings and evidence had on the trial are fully set out in the record, including the charge of the court, motions for nonsuit and bills of exceptions. The jury returned a verdict for the plaintiff for $5,153.87, upon which and for which the court rendered judgment for the plaintiff, and thereupon the defendant filed its motion for a new trial, alleging as grounds therefor:

First. Irregularity in the proceedings of the court, its orders and abuse of discretion, by which the defendant was prevented from having a fair trial.

Third. Insufficiency of the evidence to justify the verdict, and that the verdict was contrary to the evidence.

Fourth. Errors in law occurring at the trial, and excepted to by the defendant.

This motion for a new trial was sustained by the court, and a

new trial granted, from which the plaintiff appeals to this court, and here seeks a reversal of the same.

The record in this case discloses not only a closely contested trial, but a voluminous amount of evidence; and if this court was required to review it all, our report would necessarily be of greater length than that of the trial below. But the presentation of the case here, and the conclusion to which we have arrived, somewhat relieves us from so arduous a task, although an examination of the sufficiency of pleading under our Code necessarily extends our report of the case.

The only question presented by the counsel for the appellant, and which they claim is decisive of the correctness of the order appealed from, is, in the language of their brief, as follows: "The question, and the only question, we present for the decision of this court is: In what manner must the allegations of the plaintiff's complaint be controverted by the defendant's answer in order to put the plaintiff upon proof of specific performance? And upon the determination of this one question, we assume, depends the correctness of the ruling of the court below in granting a new trial."

This proposition assumes, that if the answer of the defendant was, in law, sufficient to put the plaintiff to proof of the specific performance of the contract on his part, that then he has failed, and that the ruling of the court below was correct.

To correctly determine this question, we must not only look to the pleading alone, but to the law regulating the same, and especially to that of our Code. The object of all pleading is, to ascertain the subject for decision. This consists in making each party state his own case, and collecting from the opposition of their statements the points in controversy.

It is common, to all systems of judicature, to require, on behalf of each contending party, before the decision of the action, a statement of his case. Out of the mode required for this statement arise the rules of pleading. These rules are different under various systems of judicature. The principles upon which they are required to be formed, how far they affect or govern the subsequent proceedings in the action, and the construction given to them, are not immutable rules of jurisprudence, but mere matters

of practice under each code of laws, and must, therefore, essentially differ.

· The Montana Code, while it could not, under our Organic Act, exclude common-law *jurisdiction*, has, seemingly, not merely modified the *rules* of pleading at common law, but abandoned them, and gone still further, and by the 47th section provided, that — "All the forms of pleadings in civil actions, and the rules by which the sufficiency of the pleadings shall be determined, shall be those prescribed in this act."

The principal rules prescribed by the Code, as to pleading, are :

1. That they shall be in ordinary language.

2. That they shall be concise, and without repetition.

3. That they shall state facts which constitute the cause of action or defense.

4. As to *form*, the precise *nature* of the charge or defense shall appear from the allegations in the pleadings.

5. As to the *substance*, facts sufficient to constitute a cause of action or defense shall be stated.

The New York Code differs, in this respect, from ours: It omitted to as expressly abolish the common-law rules of pleading; hence the conflicting decisions of the judges of that State upon the subject of pleading, some of which have been referred to as authority in this case. Most of the judges of that State (not unlike many other good lawyers) undoubtedly preferred the common-law rules of pleading, were, in fact, unwilling to depart from them, and gratified by any contumely that could be thrown upon the Code. And a new system, under the moulding influences of such minds, could hardly receive a judicious or even fair interpretation. Single judges, having common pleas jurisdiction, to the number of thirty and upward, in different districts of the State, commenced, without much consultation, deciding, in the hurry of circuit duty, and under the baneful influence above alluded to, upon the rules of pleading under their Code, which were immediately published and went forth to the world as authority. These decisions present a mass of crude and conflicting rulings, and are entitled to but little confidence at this day. There are, indeed, as many systems of Code pleading reported in the State of New York as there are circuits therein; therefore, in

giving construction to our Code, many of the decisions of the New York courts must be rejected, and all must be received with great caution. And we must not forget that our Code is to be construed and carried into effect according to its own terms, and containing within itself its own rules; and that any attempt to engraft the technical words, verbal criticisms, certainty of allegation, or any other part of the old system upon ours, can only be productive of confusion and mischief.

It is true, our Code manner of pleading deprives the expert common-law lawyer of many of his former tactics and apparent legal generalship, and, instead of ambuscades and surprises, so keenly relished by an astute and sharp practitioner, he must now content himself to see the Code interpose to protect suitors against both trivial faults and subtlety in pleading, and permit an investigation into the merits of every controversy where the pleadings under our Code, wherein it states a cause of action or defense in ordinary and concise language; and the rigorous rule of the old common law, which construed a pleading most unfavorable to the party pleading, was most unquestionably intended to be abolished by our Code commissioners, for, in section 78, they expressly provide that, " in the construction of a pleading, for the purpose of determining its effects, its allegations shall be *liberally* construed with a view to substantial justice between the parties." And the very next section (79) provides : " The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings, which shall not affect the substantial rights of the parties; and no judgment shall be reversed or affected by reason of such error or defect." The Code commissioners seemed to have expressly delegated to courts more than their former powers in the construction of their Code. It was always the duty of courts in construing statutes, that reference should be had to its subject-matter, object and intent. Not only so, but the will of the law-makers is best promoted by such a construction as secures that object, and excludes every other. And the legislature will not be presumed to have intended an absurd or unjust consequence, and their intention is to be adduced from the whole of an act, and every part taken and compared together, and the words used, taken in the sense in which like words are ordinarily understood.

And, while it is true that the language of a given statute must govern, yet strict grammatical accuracy need not necessarily be observed, for if it will bear a construction consistent with right and justice, although not in strict accordance with the rules of grammar, the courts are not only permitted, but bound to presume the legislature intended such construction.

With this view of the law, which we have deemed applicable, not only to the question presented, but to some extent applicable to pleadings in general, we will consider the sufficiency of the pleading directly under consideration, and more especially that of the answer.

The complaint was undoubtedly framed under section 68 of the Code, and, we think, states facts sufficient to constitute a cause of action. And the demurrer thereto was correctly overruled by the court below.

As to the answer of the defendant, the appellant insists that it is insufficient, that it does not sufficiently controvert the allegations of the complaint, so as to put the plaintiff upon proof of the performance of the conditions of the policy contract upon his part; in this, that it does not *specifically* deny such material averment of the complaint, and assign the breaches on the part of the plaintiff, pointing out wherein he failed to comply with the conditions on his part, and we are referred for authority for this proposition to *N. Y. C. Ins. Co.* v. *N. P. Ins. Co.*, 20 Barb. 473, where the court says: "The rule is well settled, both under our former and present practice, that no proof can be offered on facts not put in issue by the pleadings."

This is certainly not a new principle of law, but a long and well-established principle under the old practice, and undoubtedly applicable under our practice in actions for the unconditional payment of money only, but how does that aid us in determining the *sufficiency* of a pleading and especially the one under consideration? The question is, does the answer present an issue, either of law or fact, or both? All differences among men, as to their respective rights, in relation to each other, must arise, either out of the law or out of the facts involved in the controversy; and the chief object of the rules of pleading, as well under as before the Code, is to show to the court and the parties in which of these

respects the difference exists, and generally, what is the particular point of difference ; thus to eliminate from the controversy every matter of either fact or law, in which the respective parties do not disagree, and to present for trial the precise point in which they do disagree. And here it must be observed, that the *facts* thus required to be stated are only the *ultimate* facts upon which the party relies, not those intermediate facts, which serve only as steps or as links in the chain of proofs, by which the fact relied upon is ultimately established. Now what facts do we find pleaded in the answer of the defendant ? The fact that the plaintiff was not the owner of the property destroyed by fire, and averring who was; the fact that the insurance was made, not only in consideration of the payment of $300, but as well for the covenants and warrantees of the plaintiff in and about the conditions imposed upon him by the contract of insurance; that the loss of plaintiff did not exceed $2,000; that plaintiff did not perform the conditions on his part, and that plaintiff did not furnish a true statement and proof of his said loss. This and these constitute the denials of the complaint, and the question is, are these denials such as put in issue material facts, and are they sufficiently alleged to put the plaintiff upon proof of the averments of his complaint. As to the facts of the answer as alleged, being material, we think there can be no question ; and the only question presented by the counsel for appellant in this respect, is, as to the manner of the denial so as to form an issue as required by the 56th section of the Code, which provides, " The answer of the defendant shall contain a specific denial to each allegation in the complaint intended to be controverted by the defendant." This language of our Code, although differing somewhat from the language of other Codes relative to the manner of denials by way of answer, was not intended to stealthily engraft therein the old common-law form of denial. All that is required of the *plaintiff* is to state the facts constituting his cause of action in ordinary and concise language, without repetition. Should any thing more be required of a *defendant* in stating his defense, or should he be compelled to repeat what the plaintiff alleges in his complaint before he is permitted to deny it ; should the defendants' conscience allow him by his answer to deny each and every allegation of the

complaint, would not that be using concise language? Is not such a denial specific, definite and certain? Under such a denial could the plaintiff be taken by surprise or his substantial rights affected? Could not the court readily ascertain the subject for decision?

It is true, the answer under consideration did not make this general sweeping denial, but it did as much, if not more, it denied ownership, loss, consideration, proof of loss, and that the plaintiff did not perform; the very conditions recited in detail in the complaint, the very thing *to* which the defendant was pleading and to which he specifically referred. It is true that the answer does not enter into an *argument* in detail, whereby to exhibit to the plaintiff specifically wherein he failed, a fact presumptively within the knowledge of the plaintiff, but not so with the defendant. Upon what principle of right, justice, or equality of right, is the defendant required to deny in detail, that which is not specifically asserted in detail? If such were the law, it would in effect be giving to the plaintiff an unjust advantage over the defendant.

We think such was never intended by the Code, and is not the law.

The plaintiff, however, insists that the conditions of the policy, which were copied into and formed a part of the plaintiff's complaint, were thus inserted for the benefit of the defendant, and must be taken advantage of, if at all, by answer. Concede this proposition, however doubtful, and what follows? Simply that the defendant must answer, but as to the *character* of the answer, we are not enlightened by the authority referred to (20 Barb. 473), and we are, therefore, remitted to the general principles already discussed. And we might well here inquire if the only object in inserting the conditions of the policy in the complaint was for the benefit of the defendant, how could the plaintiff recover without inserting them in some manner? Indeed, *quere,* how could he recover, with *proof* of all necessary averments, had no answer been filed?

Looking, then, to the pleading in question, and to that section of the Code which prescribes the rules by which the sufficiency of pleadings shall be determined, and finding that it is concise; in ordinary language, that the precise nature of the defense

appears therefrom, we, are, therefore, of the opinion it states facts sufficient to constitute a defense, and sufficiently specific to put the plaintiff to proof of the conditions of the contract on his part. But we suggest that this question could, as it should, have been tested in the court below, by motion or demurrer, and that the objection comes too late after verdict, as seems now to be the settled rule by the courts that defects in pleadings are cured by verdict in the same manner and to the same extent as before the Code. See *Decker* v. *Mathews*, 2 Kern. 321 ; *Brown* v. *Harmon*, 21 Barb. 508 ; *Clark* v. *Dales*, 20 id. 42. And our codifiers, in seeming recognition of this principle, and to afford relief from any injustice that might be done thereby, provided in section 76 that if a judgment be rendered against a party, through his mistake, inadvertence, surprise or excusable neglect, the court, or a judge at chambers, might *relieve* him therefrom.

But all this does not finally dispose of the question presented by the record in this case ; having determined the sufficiency of the pleadings, does not necessarily determine the question as to whether the court erred in sustaining the motion for a new trial. To do that we must necessarily examine the grounds therefor, and, to some extent, the proceedings and proof on trial, which we have done sufficiently to satisfy us that, in the trial, there was error, the full extent of which, as assigned, we have not examined. But we do find that the court erred in permitting the following question to be propounded to the plaintiff, namely :

"State whether or not you complied substantially with the conditions of the policy issued to you by the Andes Insurance Company, on the 1st of April last ?" This, we think, was too general, too leading, especially to a plaintiff, and that the answer to which was, and only could be, a conclusion of law, which the jury alone, under *facts* stated and the law to be given by the court, were the proper legal judges. And after having in this manner, and this manner alone, established the performance on his part, by an affirmative answer ("I think I did ; I did"), the defendant then sought to cross-examine the witness specifically how and in what manner he thus specifically performed the conditions of the contract, or policy, on his part, keeping in view and having reference to the express conditions therein to be by him performed.

To this the counsel for the plaintiff objected — and the court sustained the objection — on the ground, as we assume, that these alleged breaches were not specifically denied in the answer. In this, we think, the court below erred, and, upon reflection, on the hearing of the motion for a new trial, saw the error it had committed, sustained the motion and granted a new trial. In this, we think, the court did not err.

The judgment of the court below in granting a new trial is, therefore, affirmed, and the cause remanded to the court below for further proceedings.

*Judgment affirmed.*