BECKER, APPELLANT, v. BOARD OF COMMISSIONERS OF YELLOWSTONE COUNTY, RESPONDENT.

[Argued December 31, 1891. Decided January 25, 1892.]

PLEADING — *Cause of action* — *Publication by county clerk under statute.* —In an action brought by a publisher to recover from a county compensation for the publication of matter furnished to him by a county clerk, under a statute requiring county clerks to cause certain matters to be published in one or more county newspapers, a complaint which states that such matter was furnished by the county clerk for publication, but does not aver that such clerk caused it to be published, or that the newspaper named in the complaint was designated by the clerk as the one in which publication was to be made, is bad on demurrer.

*Appeal from Seventh Judicial District, Yellowstone County.*

Action to recover for the publication of a copy of a proposed State constitution. Judgment on demurrer was rendered for the defendant by MILBURN, J.

Statement of the case by the judge delivering the opinion.

This action is brought by appellant to recover compensation from respondents, the commissioners of Yellowstone County, for publishing in appellant's daily newspaper, in said county, a certified copy of a proposed constitution.

Parts of sections 10 and 14, Act March 13, 1889, are as follows: "Sec. 10. At least ten days before an election to fill any public office . . . . the county clerk of each county shall cause to be published in one or more newspapers within the county the nominations to office certified to him under the provisions of this act. The county clerk shall make such publication daily, until the election, in counties where daily newspapers are published; but, if there be no daily newspaper published within the county, two publications in each newspaper will be sufficient. . . . ." "Sec. 14. Whenever a proposed constitution or constitutional amendment or other question is to be submitted to the people of the Territory for popular vote, the secretary of the Territory shall duly, and not less than thirty days before election, certify the same to the clerk of each county in the Territory, and the clerk of each county shall include the same in the publication provided for in section 10 of this act."

In the month of October, 1889, a proposed constitution for the State of Montana was submitted to the people of the Territory of Montana for popular vote. At this time the appellant had a contract with the respondents to do all the printing for which the county of Yellowstone should be liable, said contract being made under the provisions of section 1653, division 5 of the Compiled Statutes. The secretary of the Territory of Montana duly certified the proposed constitution to the county clerk of Yellowstone County, as provided by section 14 of said act, above quoted. The county clerk of Yellowstone County furnished the appellant with said certified copy of said proposed constitution for publication in appellant's newspaper.

The complaint sets forth these facts, and then further alleges the publication of the said constitution in appellant's Daily Billings Gazette, the amount of his claim, its non-payment, etc. A demurrer to the complaint was sustained on the ground that the complaint did not set forth facts sufficient to constitute a cause of action. Plaintiff appeals from the judgment.

*O. F. Goddard,* for Appellant.

*H. J. Haskell,* Attorney-General, and *Jas. A. Goss,* County Attorney, for Respondent.

The complaint must show the existence of facts authorizing the plaintiff to publish said copy of the constitution, as it is upon these facts and these alone that the liability of the defendant is predicated. (*Blanchard* v. *Beideman,* 18 Cal. 262.) The amended complaint does not allege that the county clerk caused or ordered or requested the plaintiff to print the certified copy of the constitution in a daily newspaper, or in any paper of the plaintiff. This allegation was essential to plaintiff's cause of action. (*People ex rel.* v. *Williams,* 64 Cal. 87; *People* v. *Baihache,* 52 Cal. 310.) The reasonable construction of section 10 would make the order, request, or the act of the county clerk causing the certified copy of the constitution to be published a statutory condition precedent, which must be pleaded or there is a fatal defect in the cause of action. When a pleader wishes to avail himself of a privilege or right given by particular facts he must show the facts. Those facts which statutes require as the foundation of the right must be stated in the complaint. (*Dye* v. *Dye,* 11 Cal. 163.) Performance of statutory conditions precedent must always be specially averred. (*People ex rel.* v. *Jackson,* 24 Cal. 630; *Himmelman* v. *Danos,* 35 Cal. 441; *Rhoda et al.* v. *Alameda Co.* 52 Cal. 350.) The county clerk for the purposes of the publication of the constitution was the agent of the State, and the county could not be held liable for his misfeasance or nonfeasance. (*Territory ex rel.* v. *Board of Commrs.* 8 Mont. 396.) In the absence of statutory authority there is no county liability. (*Crawford Co.* v. *Le Clerk,* 4 Chand. 56; *Shawnee Co.* **v.**

*Carter,* 2 Kan. 115; *Heller* v. *Shawnee Co.* 23 Kan. 128 ; *Asken* **v.** *Hale,* 54 Ala. 639; 25 Am. Rep. 730.)

DE WITT, J. — The first ground of the demurrer which we will examine is this: It is contended by the county that the complaint does not allege facts showing that the county clerk of Yellowstone caused to be published in appellant's daily newspaper the certified copy of the constitution. The allegation of the complaint upon this point, upon which appellant relies, is that "the county clerk furnished the plaintiff with the said certified copy of the said proposed constitution for publication in the plaintiff's newspaper."

This complaint is an amended one. The plaintiff, therefore, once attempted to better his pleading. Courts are liberal in allowing amendments to pleadings; and appellant could doubtless have obtained leave to amend again, and could easily have stated in his complaint, in unequivocal language, that the county clerk caused the constitution to be published in his said daily newspaper. He did not do so. Of course, on demurrer, the allegations of the complaint are taken as true. The conduct of the appellant in adhering to his allegation as made, and not amending so as to state his cause of action clearly within the statute, when he could so readily have done so, if such allegation would have been true, gives the court the more reason to hold that we cannot aid the pleading by implication or forced construction. We therefore read the complaint as it is written. If the appellant were authorized to print the constitution in his said daily newspaper as a charge against the county of Yellowstone, he was so authorized by the county clerk. The county clerk was a public officer. The appellant was charged with knowledge of the official and not personal character of him with whom he dealt; and he should have known whether the county clerk ordered him to publish this constitution, or caused it to be published in appellant's daily newspaper, or whether the county clerk furnished it to him as a matter of general news, for his accommodation, or for publication in some other newspaper of his than his daily newspaper, or for any other purpose. (*Lebcher* v. *Commissioners,* 9 Mont. 320.)

It cannot be contended that this publication by the appellant

would be a charge against the county if the county clerk did not cause it to be published, or order or request it, and if it was done voluntarily by the appellant, even if it were furnished by the clerk, knowing that it was to be published. Public officers constantly furnish to newspapers matters of public interest for publication because the newspapers, in their ambition for news and the service of the public, want them. But it cannot be said that publications so made are on the order or request of, or caused by such public officers. If it were the fact that the county clerk furnished this copy of the constitution to appellant under the precise circumstances last above suggested, the allegations of the complaint would describe just such a transaction; and such transaction would not constitute a charge against the county under the law and the other facts alleged.

Again, assume for the moment that the county clerk did cause the copy of the constitution to be published in appellant's daily newspaper — not that the complaint alleged it, but assume that it was a fact. Then the language, as it is found in this complaint, would not be untrue. It would be consistent with the fact that the clerk caused the publication. But, because the language of a pleading is not inconsistent with a state of facts, that is not alleging such state of facts. The complaint must allege the cause of action, and not simply set up matter which happens not to negative a cause of action. The cause of action must be found in the words of the complaint.

Again, even if it were considered that the allegation of the complaint should' be construed to the effect that the county clerk caused the publication to be made by appellant, the complaint does not state that it was to be made in appellant's daily newspaper named in the complaint, or in what newspaper of appellant.

It was such a simple matter to allege these facts constituting a cause of action — the appellant had such abundant opportunity to allege them, if they were true — and as he refused to do so, apparently with deliberation, it would seem that the pleader considered that he had set out his alleged cause of action as fully as the facts warranted; and those facts, as disclosed by the complaint, we are of opinion, for the reasons above expressed, were not sufficient.

The demurrer was properly sustained and the judgment is affirmed.

*Affirmed.*

BLAKE, C. J., concurs.

HARWOOD, J. (*concurring*). — In the case of *Daniels* v. *Andes Ins. Co.* 2 Mont. 84, considering the proper principles to govern in the construction of pleadings under the Code, the court, per Mr. Justice Servis, said: "The vigorous rule of the old common law, which construed a pleading most unfavorably to the party pleading, was most unquestionably intended to be abolished by our Code commissioners; for in section 78 they expressly provided that 'in the construction of a pleading, for the purpose of determining its effects, its allegations shall be liberally construed, with a view to substantial justice between the parties;' and the very next section (79) provides: 'The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the parties; and no judgment shall be reversed or affected by reason of such error or defect.'" The same provisions still remain in our Code of Civil Procedure. (§§ 100, 119.)

In *Sullivan* v. *Dunphy,* 4 Mont. 511, the holding was to the same effect; and again, in *United States* v. *Williams,* 6 Mont. 386, Mr. Justice McLeary, delivering the opinion of the court, observes: "The third ground of objection seeks to try this complaint by the common-law forms, and objects that 'it cannot be ascertained therefrom whether the action is in the nature of an action of replevin or of trover or of trespass.' We do not believe it is necessary to try the pleadings under our Code by the rigid rules of common law. That procrustean bed has long since been broken by legislation," and cites *Daniels* v. *Insurance Co. supra.* It may be added, carrying the figure a step further, that the procrustean rule attributed to the common law in respect to the point now under consideration was less rigorous and more yielding than often declared in judicial interpretation. For support to this proposition, I refer to Mr. Chitty, the great authority on common-law pleading. In speaking of the maxim attributed to the common law, that, where two different meanings may be drawn from the language of the pleader,

that construction shall be adopted which is most unfavorable
to the party pleading, Mr. Chitty says: "The maxim must be
received with this qualification: that the language of the
pleader is to have a reasonable intendment and construction;
and, when an expression is capable of two different meanings,
that shall be taken which will support the declaration, and not
the other, which would defeat it." (1 Chitty on Pleading [ed.
1876], 261. See, also, Stephen's Pleading, 378.)

In my opinion the cases cited comprehend and bespeak the
spirit of the Code in reference to the principles to be applied in
construing a pleading, and I do not agree with the observations
contained in the opinion of the majority of the court upon this
subject. Nor do I concur in the idea that, because a party has
a legal right to amend his pleading, that fact should be used as
a reason for construing what he has alleged in a more unfavor-
able light than might otherwise be done.

This is an action to recover for the publication of said pro-
posed constitution in a certain newspaper, named the Daily
Billings Gazette, which appellant alleged he was publishing.
It is admitted that in order to create a liability against the
county therefor, under the law, the county clerk of Yellowstone
County must have caused said copy of the constitution to be
published in said newspaper. My view of the case is that an
allegation that said county clerk furnished the plaintiff with
the said certified copy of the said proposed constitution for
publication in plaintiff's *said newspaper*, or in the said Daily
Billings Gazette, or an allegation, made in other words, showing
with certainty that said county clerk furnished the plaintiff with
said certified copy of the constitution for publication in the
newspaper named, would, when considered with the other
matters of inducement alleged in said complaint, be sufficient.
I think the fair, substantial intendment of such an allegation
would be to show the facts whereby plaintiff insists that said
county clerk *caused* said copy of the constitution to be pub-
lished in said newspaper, for the purpose of discharging his
duty as provided by law. In fact, that would be, in my opin-
ion, better than the allegation *that the county clerk caused said
publication to be made*, because the latter allegation, which, as I
understand, the opinion of the court insists on, would be more

in the nature of a conclusion of law, which ought to be drawn from the facts stated and proved. Would it not be more in harmony with the law of pleading to require an allegation of the facts — the acts done by the county clerk in this respect — and leave it to be determined as a conclusion of law whether or not the county clerk, by such acts, caused the publication to be made?

The point in which I consider said allegation wanting is in that it does not aver that the county clerk furnished plaintiff with said certified copy of said proposed constitution for publication *in said newspaper* or *in the newspaper named.* The allegation, as stated in the complaint, is: "That the county clerk of Yellowstone County, in accordance with the provisions of section 10 of said act, furnished the plaintiff, for publication in his newspaper, the nominations to the several offices to be filled at the said election, and at the same time furnished the plaintiff with the said certified copy of the said proposed constitution, for publication in the plaintiff's newspaper." A party may issue as many different newspapers, under as many different names, as he sees fit. The copy may have been furnished to plaintiff for publication *in the plaintiff's newspaper,* and may have been published in *his* newspaper, and yet that publication may not have been in the newspaper named in the complaint, because plaintiff may have been publishing other newspapers or papers eligible to have been selected by the county clerk in which to have caused such publication. Herein there seems to be a substantial ambiguity; and while, as we have seen, the Code requires that the allegations of the pleading be construed liberally, with a view to substantial justice, still it requires a concise statement of the cause of action (§ 85, Code Civ. Proc.), and provides that ambiguity shall constitute a ground of demurrer. (§ 87, Code Civ. Proc.) The demurrer in this case, in addition to the ground that the complaint fails to state facts sufficient to constitute a cause of action, also demurs on the ground of ambiguity.

The county clerk was directed by statute to cause the publication to be made in one or more newspapers; and, if he failed in his duty, it was not the duty or right of the plaintiff to assume to discharge the duties of the county clerk, nor could

the plaintiff give any official efficacy to the act by so doing. If the county clerk furnished plaintiff with the certified copy of the proposed constitution for publication in said newspaper, or in the newspaper named in the complaint, it should be so alleged with certainty.