CONRAD NATIONAL BANK, RESPONDENT, *v.* GREAT NORTHERN RAILWAY CO., APPELLANT.

[No. 1,208.]

[Submitted April 13, 1900.   Decided May 14, 1900.]

*Assumpsit—Pleading.*

1. A plaintiff, in assumpsit to recover an unpaid balance, alleged in his complaint that his assignor had "performed certain labor for and on behalf of the defendant, and furnished to the employes of the defendant, at defendant's special instance and request, certain board, food, and lodging, and goods, wares, and merchandise, to the value of, and in the amount of $5,825.60, no part of which has ever been paid." *Held,* that as a statement of a cause of action for labor performed, the complaint was insufficient in that it failed to allege that the labor was performed at defendant's re-

quest; and as a statement of a cause of action for food, board, and lodging, and goods, wares, and merchandise furnished, to defendant's employes, the complaint was insufficient in that it failed to allege an express promise on the part of the defendant to pay, or the facts from which it might be implied.

2.  Although Sections 740, 778 of the Code of Civil Procedure have abolished the rigorous rules of the common law requiring the pleading to be construed most unfavorably to the pleader, still they do not require such a liberal construction as will read into the pleading a substantial allegation which has been omitted therefrom.

3.  Mere matters of form or defective statement, not affecting the substance, will not be held fatal if the pleading, as a whole, shows its general intent and purpose.

4.  Where a seasonable attack is made upon the complaint for want of substantive allegations, the court should indulge, as against the pleader, the presumption that he has stated his cause of action as strongly as he can.

*Appeal from District Court, Flathead County; D. F. Smith, Judge.*

ASSUMPSIT by Conrad National Bank of Kalispell against the Great Northern Railway Company to recover a balance on account of labor performed for defendant, and for board, food, and lodging, and goods, wares, and merchandise, furnished by plaintiff's assignor to employes of defendant at its special instance and request.   Defendant's demurrer to the complaint was overruled, and judgment entered in favor of plaintiff, and defendant appeals.   Reversed.

*Mr. A. J. Shores*, for Appellant.

*Messrs. Sanford & Grubb*, for Respondent.

**PER CURIAM.**   This is an action by plaintiff, as assignee of M. C. Doran and wife, to recover a balance on account of labor performed for defendant, and for board, food, and lodging, and goods, wares, and merchandise, furnished to employes of defendant at its special instance and request.   Demurrers were interposed to the original and first amended complaints, and were sustained.   To the second amended complaint the defendant again demurred generally.   This was overruled, and, defendant declining to plead, judgment was entered against it under the prayer of the complaint for the balance alleged to be due, with interest at 10 per cent. per annum, amounting to $2,604, with costs of suit.   The appeal is from this judgment.

The question presented for our consideration is whether the complaint states a cause of action. .

The paragraph of the complaint to which the demurrer is directed is the following: "That between the 1st day of December, 1894, and the 1st day of November, 1893, M. C. Doran and Mrs. M. C. Doran performed certain labor for and on behalf of the defendant, and furnished to the employes of the defendant, at defendant's special instance and request, certain board, food, and lodging, and goods, wares, and merchandise, to the value of and in the amount of $5,825.60, no part of which has ever been paid." The complaint then proceeds to allege, further, that on or about the 1st day of November, 1894, the said M. C. Doran and his wife, for .a valuable consideration, executed and delivered to the Kalispell Meat Company, a co-partnership, certain orders and assignments in writing, which conveyed and transferred to the said Kalispell Meat Company all the moneys then due, or to become due, from the defendant to the said Doran and wife during the months of September, October, and November, 1894, on said accounts hereinbefore set out; that thereafter, and on. or about the 1st day of November, 1894, the said company presented said orders and assignments to the defendant, and that defendant then and there duly accepted the same, and promised to pay the amounts due upon said accounts to the said company; that on or about the 30th day of November, 1894, there was due and became due from the defendant to the said company, by reason of said orders and assignments, the sum of $5,825.60; that the defendant has wholly failed and refused, and still fails and refuses, to pay any part of said sum, except the sum of $3,778.70, which the defendant paid to the said company on or about the 5th day of September, 1895; that thereafter, and on or about the 15th day of February, 1896, the said company, for a valuable consideration, sold and assigned to the plaintiff herein the said above-described orders and assignments, together with the amounts due thereon; and that the plaintiff is now the lawful owner thereof, and the balance due thereon, amounting to the sum

of $2,046.90, with interest thereon from the 1st day of December, 1894, at the rate of ten per cent per annum.

It is clear, from an examination of the complaint, that the allegations touching the giving of the orders and assignments by Doran and his wife to the Kalispell Meat Company, in legal effect, mean nothing more than that by this arrangement the meat company became the assignee from Doran and his wife on or about November 1, 1894, of whatever amount had become due upon the account, and what was still to become due during the month of November.    No specific sum was named in these orders; a part of the thing assigned being still unearned, and therefore not *in esse.*    The acceptance, as made by defendant under these circumstances, amounted to nothing more than a promise on its part to pay the amount of the accounts to the meat company, whatever it might be, whenever it should be ascertained.    This amount could not be ascertained in any other way than by reference to the accounts at the end of the month of November.    The arrangement was therefore not equivalent to an agreement on the part of the defendant to pay the meat company any specific sum upon a stated account or upon an express agreement in writing.    The subsequent transaction between the meat company and the plaintiff, on February 15, 1896, was a transfer to the plaintiff of any balance due the company still unliquidated; for there is no allegation that there was ever any settlement with defendant after the delivery of the orders to the meat company by which the amount, if any, which became due at the end of November, was ascertained.    The balance claimed by the plaintiff to be due after the payment on September 5, 1895, so far as any allegation to the contrary in this connection shows, may have been disputed by the defendant. Through the assignments, therefore, the nature of the obligation on the part of defendant was not changed, but retained its original status of an open, unliquidated account. This being true, the question raised by the demurrer is whether the complaint states a cause of action in assumpsit for work and labor performed, for board, food, and lodging, and for goods, wares, and merchandise furnished.

As a statement of a cause of action for labor performed, the complaint is clearly insufficient, in that it fails to allege that the labor was performed at defendant's request. It may have been the pleader's intention to apply the clause, "at defendant's special instance and request," to the clause containing the allegation of labor performed, as well as to the charge for board, food, lodging, etc.; but this intention is not manifested by the position which this clause occupies in the sentence. There is therefore not sufficient of substantive allegation to support the complaint in this respect. (Chitty on Pleading, p. 359; Boone, Code Pl. Sec. 195; *Wilkins* v. *Stidger*, 22 Cal. 232; *Bassford* v. *Swift* (Sup.) 39 N. Y. Supp. 337.) Section 740 of the Code of Civil Procedure provides that pleadings must be given a liberal construction, with a view to substantial justice. It is also provided, in section 778, that the Court must in every stage of the action disregard an error or defect in pleading which does not affect the substantial rights of the parties, and that no judgment shall be reversed or affected by reason of such error or defect. These provisions were construed in *Daniels* v. *Andes Insurance Co.*, 2 Mont. 78, and it was there held that the effect of them is to abolish the rigorous rule of the common law requiring the pleading to be construed most unfavorably to the pleader. This case was approved in *United States* v. *Williams*, 6 Mont. 386, 12 Pac. 851. But the rule does not require such a liberal construction as will read into the pleading a substantive allegation which has been omitted therefrom. Substance is just as essential under the Code as at the common law. (*Miller* v. *Van Tassel*, 24 Cal. 458; *Glide* v. *Dwyer*, 83 Cal. 477, 23 Pac. 706; *Clark* v. *Dillon*, 97 N. Y. 370.) The Court will not adhere to strict rules of grammar under any circumstances, and will in a measure disregard them; particularly so where no seasonable attack has been made upon the pleading. Mere matters of form or defective statement, not affecting the substance, will not be held fatal, if the pleading as a whole shows its general intent and purpose. (Bliss, Code Pl. 314.) Where, however, such an at-

tack is made upon the complaint for want of substantial allegations, the Court should indulge, as against the pleader, the presumption that he has stated his cause of action as strongly as he can, and construe it accordingly. (*Becker* v. *Commissioners*, 11 Mont. 490, 28 Pac. 1116.)

Nor are the allegations sufficient to support a judgment for food, board, and lodging, and goods, wares, and merchandise, furnished to defendant's employes at its request. It is not necessary to allege a promise to pay where the facts as alleged imply a promise, as where the board, food, lodging, etc., are furnished to defendant upon request; but where the furnishing or delivery is to a third person, upon defendant's request, then, nothing further appearing, no promise on the part of the defendant to pay is implied; for a furnishing or delivery to a third party, though upon defendant's request, does not, as a matter of law, imply an undertaking by defendant to pay. The fact of delivery upon defendant's request is consistent with the idea that credit was extended to the person receiving the goods. The relation of employer and employe does not carry with it any obligation upon the employer from which the law implies a promise to pay for the benefits enjoyed by the employe only. Either the express promise should be alleged, or the facts from which it may be implied, as that the credit was extended to the employer, and not to the employe (Chitty on Pleading pp. 308, 356); or the allegation should have been made, generally, that the food, board, lodging, and merchandise, were furnished to the employer at its request. (*Porter* v. *McClure*, 15 Wend. 187).

Let the judgment be reversed, and the cause be remanded, with directions to the District Court to sustain the demurrer.

*Reversed and remanded.*