PAINE ET AL., APPELLANTS, *v.* BRITISH-BUTTE MINING
CO., RESPONDENT.

(No. 2,798.)

(Submitted March 17, 1910.   Decided March 26, 1910.)

[108 Pac. 12.]

*Conversion—Complaint—Ownership of Property—Demurrer—*
*Ambiguity and Uncertainty—Appeal.*

Appeal—Demurrer—Grounds—When Ruling Affirmed.
   1.   An order of the district court, general in terms, sustaining a
   demurrer which attacked the complaint on several grounds, will be
   upheld on appeal if justifiable upon any one of the grounds urged.
Conversion—Complaint—Ownership and Possession.
   2.   In an action for conversion the plaintiff must allege a general
   or special ownership in the property in controversy, and a right to
   the immediate possession of it at the time of the conversion.
Same—Ownership—Pleadings—Title—Sufficiency—How Determined.
   3.   Plaintiff in conversion may, in pleading ownership of the prop-
   erty in him at the time of the wrong complained of, set forth the
   links in his chain of title, and if he follows such statement by a
   declaration that "thereby" or "by virtue thereof" he became the owner,
   the sufficiency of such concluding allegation must be tested by the
   facts set forth in the deraignment of title.
Same—Ownership—Complaint—Deraignment of   Title—Sufficiency—How
   Determined.
   4.   Where plaintiff in an action in conversion, instead of directly al-
   leging ownership in him at the time of the conversion, merely states
   facts from which his title may be inferable, title in him must be the
   inevitable inference from the facts stated, else the complaint is vulner-
   able to demurrer for ambiguity and uncertainty.
Same—Ownership—Complaint—Insufficiency—Demurrer.
   5.   *Held*, under the rules stated in paragraphs 3 and 4 above, that
   the complaint, in an action for the conversion of corporate stock,
   which, while alleging that the owners of the stock had for a valuable
   consideration transferred and assigned in blank the certificates rep-
   resenting it, "and delivered the same to plaintiffs, who thereby be-
   came and were owners and holders thereof," failed to state that any
   consideration passed from plaintiffs, or that the certificates were de-
   livered with the intent to transfer title to plaintiffs, or that they
   had been transferred or assigned to them, was demurrable for am-
   biguity and uncertainty, the allegations being as consistent with the
   idea of ownership in some third person as with that of ownership
   in plaintiffs.
   MR. JUSTICE SMITH dissents.

*Appeal from District Court, Silver Bow County; Jeremiah*
*J. Lynch, Judge.*

ACTION by William A. Paine and others, copartners under
the firm name of Paine, Webber & Co., against the British-
Butte Mining Company. From a judgment for defendant on
sustaining a demurrer to the complaint, plaintiffs appeal. Af-
firmed.

*Messrs. Forbis & Evans,* and *Mr. John E. Corette,* submitted
a brief in behalf of Appellants; oral argument by *Mr. Corette.*

In behalf of Respondent, there was a brief by *Messrs. Kirk,
Bourquin & Kirk,* and oral argument by *Mr. William R. Kirk.*

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

A demurrer having been sustained to the third amended com-
plaint filed in this action, and plaintiffs, having declined to
plead further, suffered judgment to be rendered and entered
against them, and appealed to this court.

The complaint in question alleges that the plaintiffs are co-
partners, doing business as Paine, Webber & Co.; that the de-
fendant is a corporation having its principal office in Butte,
with its president and secretary residing there; that it has a
capital stock, represented by shares evidenced by stock certifi-
cates, and that the president and secretary are authorized to
make transfers of stock upon the records of the corporation.
It is then alleged that on February 1, 1908, N. J. Lloyd and
Burt Adams Tower each owned 2,500 shares of the capital
stock of the defendant company, and each held a certificate
evidencing his ownership. The complaint then contains this
allegation: "(5) That on the first day of February, 1908, the
said Lloyd and Tower for a valuable consideration transferred
and assigned the said shares of stock and the certificates rep-
resenting the same in blank, and delivered the same and the
whole thereof to these plaintiffs, who thereby became and were
owners and holders thereof, and entitled thereto, and entitled
to have the same transferred upon the books of the said de-

fendant company." It is further alleged that plaintiffs presented the said certificates to the officers of the defendant company, at its office in Butte, and demanded that the stock be transferred of record and new certificates issued to plaintiffs in lieu of the certificates so presented; that the defendant and its officers neglected and refused to make such transfer or to issue or deliver to plaintiffs new certificates representing the shares of stock so sought to be transferred, and by reason of such refusal the defendant company thereby converted such shares of stock to its own use. The complaint then sets forth the damages which plaintiffs have sustained by reason of the alleged conversion, and concludes with the usual prayer. The demurrer attacks the complaint on the ground, among others, that it is ambiguous and uncertain. The order of the court is a general one, and if any ground to the demurrer will justify the court's ruling, it must be sustained.

In an action for conversion the plaintiff must allege a general or special ownership in the property and a right to the immediate possession of it at the time of the conversion. (*Raymond* v. *Blancgrass*, 36 Mont. 449, 93 Pac. 648, 15 L. R. A., n. s., 976; *Harrington* v. *Stromberg-Mullins Co.*, 29 Mont. 157, 74 Pac. 413.) "It is sufficient to allege merely that at the time of the conversion the plaintiff was the owner and entitled to the immediate possession of the goods. Such an averment is an affirmation of a fact, and is not open to the objection that is a mere legal conclusion." (21 Ency. of Pl. & Pr. 1063.) But the plaintiff is not confined to this particular form of pleading. He may set forth the facts showing his title and right of possession. "Allegations respecting title, being averments of material and traversable facts, must be clear and precise; but certainty to a common intent seems all that is necessary, and it has been held that where the inevitable inference from facts alleged and from all the averments of the pleading construed together is that either realty or personalty is the property of a named person, the pleading is not demurrable by reason of failure to make a clear and specific

averment of title." (21 Ency. of Pl. & Pr. 715.) "Where, however, the pleader sets forth specifically the links in his chain of title, a general allegation of ownership will be treated as a mere conclusion from the facts stated, and will not cure any defect in the chain relied upon." (*Gruwell* v. *Seybolt,* 82 Cal. 7, 22 Pac. 938.) If the plaintiff undertakes to deraign his title and follows the facts stated, by the declaration that "thereby" or "by virtue thereof" the plaintiff became the owner, such concluding declaration will not be treated as an allegation of ownership, but as the mere consequences flowing from the facts of deraignment set forth. (*Turner* v. *White,* 73 Cal. 299, 14 Pac. 794; 21 Ency. of Pl. & Pr. 719.) In other words, under such circumstances the concluding declaration does not add anything whatever of virtue to the pleading, but its sufficiency will be tested by reference to the facts set forth in the deraignment. As against a special demurrer for ambiguity and uncertainty, a complaint is not sufficient which merely alleges facts from which title in plaintiff may be inferable. If the direct allegation of ownership is not employed, then title in plaintiff, as distinguished from title in anyone else, must be the inevitable inference from the facts stated. (31 Cyc. 49, 81; 21 Ency. of Pl. & Pr. 716.)

It is true that the allegations of this complaint are not inconsistent with the idea of plaintiffs' ownership: but that is not sufficient. As was said by this court, in *Becker* v. *Commissioners,* 11 Mont. 490, 28 Pac. 1116: "But, because the language of a pleading is not inconsistent with a state of facts, that is not alleging such state of facts. The complaint must allege the cause of action, and not simply set up matter which happens not to negative a cause of action. The cause of action must be found in the words of the complaint."

The complaint alleges that Lloyd and Tower for a valuable consideration transferred and assigned their shares of stock, and the certificates representing the same, in blank, and delivered them to plaintiffs. There is not any allegation that the consideration passed from the plaintiffs, nor that the certifi-

cates were delivered with the intent to transfer title to plaintiffs; nor, indeed, that they were transferred or assigned to plaintiffs. For the sake of illustration merely, let us assume that John Doe furnished the money to purchase these certificates and delivered it to plaintiffs with directions to them to purchase the stock for him; that plaintiffs undertook to do so gratuitously; that they purchased the stock for Doe, paying Doe's money for it, and that Lloyd and Tower each thereupon assigned his certificate in blank and delivered it to plaintiffs. Under such circumstances every allegation of this complaint would be literally true, and yet the stock would belong to John Doe, and the plaintiffs would not have any interest in it whatever. This illustration is employed merely to show that under possible circumstances the allegations of the complaint are just as consistent with the idea of ownership in some third person, as with the idea of ownership in plaintiffs themselves. "The pleader is not at liberty to leave his pleading open to different constructions, and then take his choice between them." (*Langsdale* v. *Woollen,* 120 Ind. 78, 21 N. E. 541; 31 Cyc. 72.)

If the facts are that Lloyd and Tower, for a valuable consideration passing to them from plaintiffs, assigned their certificates in blank, and delivered them to plaintiffs for the purpose and with the intent of transferring ownership to plaintiffs, then the complaint could properly allege that Lloyd and Tower sold, assigned and transferred their stock to plaintiffs, and those facts would fully sustain the allegation. There is not any excuse whatever for uncertainty in this pleading. In the complaint now under consideration plaintiffs have made their fourth attempt to state a cause of action which they could have stated by employing the general allegation of ownership and right of possession, in common use in actions for conversion, or the form of allegation indicated above. The language employed by this court in *Becker* v. *Commissioners,* above, is applicable here: "It was such a simple matter to allege these facts constituting a cause of action—the appellant had such abundant opportunity to allege them, if they were

true—and as he refused to do so, apparently with deliberation, it would seem that the pleader considered that he had set out his alleged cause of action as fully as the facts warranted."

We think the complaint is ambiguous and uncertain, and that the district court was fully justified in sustaining the special demurrer which pointed out the objection we have considered. The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY concurs.

MR. JUSTICE SMITH: I dissent. The decision is too technical. In my judgment the allegation that plaintiffs "thereby became the owners and holders thereof," while somewhat in the nature of a conclusion, should be considered as supplementing the preceding allegations. No harm can result from requiring the defendant to answer, thus enabling the court to pass upon the actual facts in the case.